Argued February 3, affirmed February 24, 1960

## COOPER *v.* MATHENY

349 P. 2d 812

*Robin Day,* Salem, argued the cause for appellant. On the brief were Day & Burt, Salem.

*George P. Winslow, Jr.,* Tillamook, argued the cause for respondent. On the brief were Winslow & Winslow, Tillamook.

Before McAllister, Chief Justice, and Rossman, Perry and Harris, Justices.

ROSSMAN, J.

This is an appeal by the defendant, Robert D. Matheny, from an order of the circuit court, entered February 14, 1958, which denied a motion made by him to modify a decree of divorce entered by that court June 2, 1950. The decree granted the plaintiff a divorce, awarded to her the custody of the three children of the marriage and ordered the defendant to pay monthly for their support $75 "until said children become of age or self-supporting." The ages of the children at that time were 14 years, 13 years and 6 years. The motion which resulted in the entry of the order of February 14, 1958, sought to have the decree modified retroactively so as to credit him with amounts which he claims were paid in excess of what the decree contemplated. It is the defendant's position that the two older children became self-supporting soon after the decree was rendered, that he thereafter owed no more than $25 a month for the support of the youngest child and that payments for support in excess of that amount should be credited against other payments required by the decree. The defendant

apparently believes that the award of $75 monthly support for the three children was, in effect, an award of $25 per month for each child. The challenged order made by the court February 14, 1958, ruled that the defendant had not overpaid the amount exacted by the decree of June 2, 1950, but reduced the monthly support money from $75 to $35. It denied all other phases of the motion.

A decree in a suit of this character which fixes a monthly sum to be paid for the benefit of two or more children is deemed by the courts to require payment of the entire sum until the youngest child attains majority, or until the decree is otherwise prospectively modified by a court order. *In re Application of Miller,* (1941) 139 Neb 242, 297 NW 91; *Miller v. Miller,* (D.C. Cir 1941) 122 F2d 209; 2 Nelson on Divorce, Sec 14.80, page 92. Similarly, if a divorce decree lumps alimony and support into a single amount, the wife may enforce payment of the full amount as alimony after the children reach majority. *Lockwood v. Lockwood,* (D.C. Cir 1947) 160 F2d 923; *Miller v. Miller,* supra. It has also been declared that if alimony and support are lumped into a single amount a minor may collect the full amount after the wife's remarriage. *Cunningham v. Faulkner,* (1926) 163 Ga 19, 135 SE 403. See annotation 124 ALR 1324.

There are two reasons for the rule of indivisibility. First, a support order is not based solely upon the needs of the minor children, but takes into account what the parent can afford to pay. *Miller v. Miller,* supra. Consequently, where the family is in straitened financial circumstances at the time of the divorce, a support order may fix a payment inadequate to meet the needs of two or three minor children although the same amount might be justly adequate, or only

slightly more than adequate, for one child. This being so, no mechanical adjustment of the support rate ought to be made as children reach majority, but any proposed modification should be addressed to the discretion of the court.

Secondly, a support payment can not be pro-rated equally among the beneficiaries for the reason that requirements of the individual child vary widely depending upon age, sex, health and other circumstances.

> "It is not always practicable to prescribe justly and exactly how much of a common income is to be spent for the mother, and how much for the children, when they all share the same home and share according to their needs in the benefits which it offers for the use of all. * * *" *Knabe v. Knabe,* 176 Md 606, 6 A2d 366, 124 ALR 1317 (1939).

■ Consequently, as often as the issue has been raised, courts have refused to adopt constructions of divorce decrees which would divide support payments equally among those named in the order, limiting the beneficiary to his share and no more. *In re Application of Miller,* supra; *Miller v. Miller,* supra; *Crouch v. Crouch,* (1913) 140 Ga 76, 78 SE 408.

■ While the question is one of novel impression in Oregon, *In re Application of Miller,* (1941) 139 Neb 242, 297 NW 91, is directly in point and adopts what we deem the correct rule. That was an action by a divorced wife to impress a lien upon the interest of her ex-husband in his mother's estate. A support order accompanying the divorce provided "that the defendant pay into court for the support and maintenance of said minor children the sum of $15 per month beginning on this date." There were two children of the marriage, one of whom reached his

majority in 1932 and the other in 1937. The defendant husband argued that the court should reduce the $15 allowance to $7.50, retroactive to the date when the elder of the children reached his majority. In rejecting this contention the court said:

> "* * * This amounts to a modification of the decree over which the court entering it has exclusive jurisdiction. Where an award for child support is made in one amount for each succeeding month for more than one child, it will be presumed to continue in force for the full amount until the youngest child reaches his majority. The proper remedy, if this be deemed unjust, is to seek a modification of the decree in the court which entered it on the basis of the changed circumstances."

In *Miller v. Miller,* (D.C. Cir 1941) 122 F2d 209, the court stated, without citing authority:

> "* * * The children have reached their majority. It follows that, if appellee has remarried, the accrual of further instalments of alimony ceased on her remarriage or on the majority of the younger child, whichever occurred later. * * *"

In this case the District of Columbia circuit court construed a Nevada decree which lumped alimony and support together as giving the wife a right to recover the full amount as alimony regardless of whether the two minor children of the marriage had reached majority.

We do not believe that the circuit court erred when it declined to consider the award of $75 monthly as a divisible sum.

The foregoing is the only phase of the appeal upon which we deem it necessary to set forth our views. The entire case, however, has been considered.

Affirmed.