**Mary Ary GORDON, Formerly Mary Ary, Appellant,**

v.

**John ARY, Respondent,**

**Chicago, Burlington and Quincy Railroad Company, Garnishee.**

No. 23532.

Kansas City Court of Appeals.

Missouri.

June 4, 1962.

Koenigsdorf, Kaplan, Kraft, Stoup & Fox, by Chester B. Kaplan, Maurice B. Soltz, Kansas City, for appellant.

McFadin, Spooner & Kiser, by Richard E. McFadin, North Kansas City, for respondent.

HUNTER, Presiding Judge.

Mary Ary Gordon, appellant, resorted to garnishment against her former husband, John Ary, respondent, and his employer, Chicago, Burlington and Quincy Railroad, garnishee, to collect $490 in arrearages in child support provided in a divorce decree rendered by the Circuit Court of Jackson County, Missouri, on September 11, 1950.

The divorce decree granted Mary Ary a divorce, custody of the two children of the marriage, Ellen Ary, then age seven years, and John Ary, Jr., then age ten months. The decree further provided and ordered, "that defendant pay to plaintiff as support and maintenance of the said minor children the sum of Eighty ($80.00) Dollars per month, the first payment in the sum of Eighty ($80.00) Dollars to be due and payable on this the 11th day of September 1950, and a like sum of Eighty ($80.00) Dollars to be due and payable on the 11th day of each month thereafter until further order of this Court and that in default of any one payment plaintiff have therefor execution."

John Ary on May 10, 1961, filed a motion to quash the execution and garnishment, alleging the minor child Ellen Ary had become emancipated as a result of marrying David Gough with her mother's consent on May 7, 1960, and is at the present time the wife of David Gough.

On May 18, 1961, upon trial without jury, an order was issued quashing the garnishment of Mary Ary Gordon as to any excess over $40.00 per month *retroactive to May 7, 1960.*

The retroactive order apparently was based on the testimony of John Ary that when his daughter got married on May 7, 1960, he called his former wife and told her he "wasn't going to send her the $40.00 for the daughter since she was married, and she seemed to agree with me that I didn't owe it to her." From that time on he sent only $40.00 a month.

Mrs. Gordon testified that the daughter was married on May 7, 1960, "but I am supporting her"; that the daughter is living with Mrs. Ary and separated from her husband but not divorced, "because I (Mrs. Gordon) haven't had the money to do it." The daughter now eighteen years old comes and goes, occasionally staying with her grandmother or a girl friend. Mrs. Gordon doesn't know whether or not

the daughter's husband has sent her any money.

Concurrently heard by the court were the separate motions of appellant and respondent to raise and lower the support payment respectively for the future by a modification of the decree. We omit evidence relevant to these motions as the court's order as it concerned them was not questioned on this appeal.

The trial court's order sustained the motion to quash the garnishment "as to any amount exceeding the sum of $40 per month, beginning May 7, 1960, and continuing for the period that Ellen remains married and will terminate in the event she becomes single and returns to her mother's home as a dependent, in which event plaintiff shall receive $50 per month for her support during her minority.

"The defendant's motion to modify the decree is overruled.

"Plaintiff's motion to modify the decree is sustained and the plaintiff will be awarded $50 per month child support for John Ary, Jr., beginning July 1, 1961 * * *."

On this appeal appellant makes several contentions. First, she contends that a judgment for support granted contemporarily with a decree of divorce, authorizing a single monthly payment for two children cannot be retroactively apportioned between the children. Second, the order decreeing support for minor children becomes a final judgment when the date for payment is due; that the marriage of a minor child does not in all cases emancipate the child; that appellant's child was not emancipated, and that the order modifying the garnishment was a retroactive order unlawfully changing a final judgment. Respondent denies the soundness of these contentions.

■ Looking to appellant's first contention, we are convinced it is meritorious. This is sound authority to the effect that a divorce decree, such as that before

us, which fixes a single monthly sum to be paid for the benefit of two or more children is deemed by the courts to require payment of the entire sum until the youngest living child attains majority, or until the decree is otherwise prospectively modified by a court order. Cooper v. Matheny, 220 Or. 390, 349 P.2d 812; 17A Am.Jur., Divorce & Separation, Cum.Supp. page 8, section 864; Estes v. Estes, 192 Ga. 100, 14 S.E.2d 680; Schrader v. Schrader, 148 Neb. 162, 26 N.W.2d 617; Warren v. Warren, 92 N.J.Eq. 334, 112 A. 729.

The reasons supporting this rule as stated in the cited cases are substantial and, to us, persuasive. A support order is not based solely on the needs of the minor children but also takes into account what the father can afford to pay. Consequently, where the family is in straitened financial circumstances at the time of the divorce, the support order may fix a payment inadequate to meet the needs of two or more minor children, although the same amount might be adequate or about adequate for one child. This being so, no mechanical or pro rata adjustment ought to be presumed to have been intended or contemplated as each child reaches majority or becomes emancipated, and any proposed modification should be addressed to the discretion of the court which *as the facts then appear* can make such modification, if any, as is appropriate.

Additionally, a single sum support payment should not be construed as intended to be impliedly pro-rated equally among its beneficiaries for the reason that requirements of the individual child vary widely depending on the age, sex, health, and other circumstances. Nor should the father be allowed to decide on either a personal or mathematical basis how much the single sum support amount established in the decree is to be cut down when one of several minor children becomes emancipated. Such modification, if one is called for, should be made by the appropriate court after a hearing in which all relevant facts as of the time of the requested modi-

fication can be considered, and the modification being based on the then appearing facts should not be retroactive.

■ It is the general rule that the authority to modify or amend a judgment awarding child support must be found in the statutes or it is presumed not to exist. Our statute governing support decrees in Missouri, Section 452.070 RSMo 1959, V.A.M.S. provides, "The court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper * * *." Nowhere in this statute is there authority for allowing a modification by a *retroactive* apportionment of the nature before us. In Hughes v. Wagner, 303 S.W.2d 181, the St. Louis Court of Appeals considered a maintenance decree providing $12.50 per week child support. The husband paid only $10.00 per week for many weeks, and then applied for a smaller allowance. The trial court amended the earlier support order to allow the $300.00 accumulated arrearage to be paid off in four installments of $75.00 over a four year period. On appeal the court stated, "There is nothing in the language of the act (same as Section 452.070 above) which expressly confers upon the court power to revoke or modify an installment of alimony or maintenance accrued prior to the filing of an application, and every reasonable implication must be drawn against the existence of such power in the absence of clear language manifesting an intention to confer it."

We add a final reason. Based on its power and authority to order a father to support his unemancipated minor children, the court has decreed that a single sum be paid each month. There is no showing of any event that as a matter of law modified the support order or that destroyed the legal basis of such an order, as, for example where there is only one child of the marriage and he has attained majority. So long as there is left at least one minor unemancipated child there remains a legal basis for the single sum allowance. If the father believes that the single sum allowed is no longer a fair allowance he has the right to seek a prospective modification of the decree from the appropriate court upon a proper legal showing.

■ Under the circumstances presented Mrs. Gordon had a vested right in the accrued installments which the court could not impair or take away from her by preventing their garnishment. Nelson v. Nelson, 282 Mo. 412, 221 S.W. 1066. The order of the circuit court quashing the garnishment as to any excess over $40.00 was erroneous.

In saying what we have, we do not pass on the question of whether the evidence presented at the hearing did in fact establish the emancipation of Ellen when she married. For the purpose of this opinion we have assumed her emancipation by her marriage. Nor do we pass on the question of whether, if Ellen had been the only child of the Arys, her marriage, ipso facto, i. e., without need of seeking a court modification, would have terminated the decree child support allowance. Those interested in these questions, unnecessary to our decision here, should see, Annotation, Marriage of Minor Child, 58 A.L.R.2d 355; Schaffer v. Security Fire Door Company, Mo.App., 326 S.W.2d 376, Transf., Mo., 332 S.W.2d 860; Green v. Green, Mo.App., 234 S.W.2d 350; Hayes v. Hayes, Mo.App., 156 S.W.2d 34; Swenson v. Swenson, Mo.App., 227 S.W.2d 103, Annotation, Alimony-Retrospective Modification, 6 A.L.R.2d 1277.

For the reasons stated above, the judgment is reversed and the cause is remanded for entry of a new judgment in accordance with the ruling of this opinion. It is so ordered.

All concur.