P. Alfred Pannesi & Philip S. Iuliano for the Defendant.

### Northern District
### No. 5966
### ELVA JEANNIE BENTLEY
### a.k.a. ELVA JEANNIE MARSHALL
### v.
### ROBERT CAMPBELL MARSHALL
### a.k.a. ROBERT C. MARSHALL

*Present*: Eno, J. (Presiding), Connolly & Parker, JJ.

Case tried to *Heard, J.* in the Central District Court of Northern Essex. No. 22 of 1963.

*Connolly, J.* This is an action of contract in which the divorced wife of the defendant seeks to recover from him an amount alleged to be due her under the terms of an order *for the support of their minor son.* The support order was included in a divorce decree granted the plaintiff against the defendant in the State of Missouri. The answer of the defendant consisted of a general denial and a plea of payment.

The trial judge found for the defendant.

The case was previously before this Division on the dismissal of a draft report filed by the plaintiff for non-compliance with Rule 28 of the Rules of District Courts (1952) in that the copies of the draft report were not sent to the trial judge and opposing counsel after the filing in the court, as required by that rule, but were mailed at the same time as the draft report.

The dismissal was sustained whereupon the trial judge, in a commendable spirit of justice, voluntarily reported the case to this Division in order that its disposition might be made on its merits.

The reported evidence introduced at the trial is as follows:

"The plaintiff and defendant were married in St. Louis, Missouri, February 20, 1952; that they became parents of a son, Robert, November 20, 1953; that the plaintiff obtained a divorce from the defendant in the Circuit Court of the City of St. Louis, State of Missouri, in accordance with a divorce decree entered on February 15, 1960; that the Missouri Court had jurisdiction of the marital status and of the minor child, Robert; that the said divorce decree ordered the defendant to pay $15.00 per week to the plaintiff for the support and maintenance of the minor child, Robert; that the said divorce has not been modified; that the minor child, Robert, was adopted by the plaintiff and her

present husband on *May* 2, 1962; that the defendant has made no payments for the support and maintenance of his minor child, Robert; and that the said minor child, Robert, is still alive. Properly authenticated copies of the divorce decree and the adoption decree were entered in evidence."

These copies are not annexed to the report.

The trial judge allowed most of the requests filed by the plaintiff but denied the following with a notation "see findings",

"(9) The decree of divorce rendered by the circuit Court of the City of St. Louis, State of Missouri, and including an order for the support and maintenance of the minor child, Robert, is entitled to full faith and credit."

"(17) The defendant owes the plaintiff the sum of $2,190, with interest, representing support payments at $15.00 per week which remained unpaid at the date of the writ in this case, a period of 146 weeks."

"(18) In the event the court declines to grant request No. 17, the defendant owes to the plaintiff the sum of $1,740, with interest, representing support payments of $15.00 per week for the support and maintenance of his minor child, Robert, unpaid from *February* 15, 1960 *to May* 2, 1962, the date of adoption, a period of 116 weeks."

There was prejudicial error in the denial

of the plaintiff's Requests ##9 and 18 and in the following rulings which were contained in the findings of the trial judge.

"(1)   The decree of the Missouri Court as to the custody and support of the minor child involved, never became a final decree, but that the Missouri Court, or any other Court within whose jurisdiction the child might at any time become domiciled, could, or could have, considered the case upon facts then existing;"

"(2)   The portion of the (Missouri) decree which relates exclusively to the support of the minor child has no extraterritorial effect for the purpose of enforcing the contractual duty of the father to support the child involved;"

"(3)   The part of the decree relating to the support of the minor child, is not such a final decree as will be enforced by the Courts of another state, and it does not come within the purview of the constitutional provision entitling it to full faith and credit elsewhere."

It is not necessary to recite the findings of the trial judge in their entirety.

     By virtue of the U. S. Constitution and the Act of Congress requiring full faith and credit to be given in each state to the public acts, records and judicial proceedings

of every other state, a judgment in a divorce action for the support of a minor child rendered in a foreign forum, which has jurisdiction of the subject matter and of the parties, is entitled to enforcement in a sister state if it has the requisite finality. American Jurisprudence, Vol. 17A; Divorce and Separation, §972; *Page v. Page,* 189 Mass. 85, 87; *White v. White,* 233 Mass. 39.

A support decree of a sister state is final if the statute governing such decree does not by clear language manifest an intention to confer on the courts power to modify or revoke such decrees retroactively. *Sistare v. Sistare,* 218 US 16.

Where such a decree is made the basis of any action in another jurisdiction, every reasonable implication must be resorted to against the existence of a power to modify or revoke installments already accrued in the absence of clear language in the statutes or decisions of the state of rendition manifesting on intention to confer it. *Barber v. Barber,* 323 US 77.

The Supreme Court of Missouri says no such authority to revoke or modify retroactively exists in its Support Decree Statute. *Gordon v. Ary,* 358 SW 2d 81; *Nelson v. Nelson,* 221 SW 1066; *Hughes v. Wagner,* 303 SW 2d 181.

Other states recognize Missouri decrees of this nature as final. See: *Biewind v. Biewind,* 17 Cal. 2d 108, 117 which cites *Nelson v.*

*Nelson,* supra as its authority. See also *Page v. Page,* 189 Mass. 85, 87.

It is submitted, therefore, that because the U. S. Supreme Court says a Support Decree of a sister state is final if the statute governing such decrees does not by clear language manifest an intention to confer on the Courts power to modify or revoke such decrees retroactively, and the Missouri Supreme Court says that no such language exists in its statute, that Missouri Support Decrees must be considered as final. *Sistare v. Sistare,* 218 US 16; *Gordon v. Ary,* 358 SW 2d 81.

■ And the amount of the final judgment is certain if it can be made certain. *Page v. Page,* 189 Mass. 85, 92.

■ While an execution would be determinative of a final judgment in the case of a decree of a state where the power to modify or revoke a support order is in the courts (for example, Mass. where G. L. 208, §37 and G. L. 209, §§32 and 33 give the courts power to modify or revise such decrees), an execution is not necessary in the case of a decree of a state where such decrees are final.

■ It is not the execution that is sued on but the judgment itself. Indeed apart from the evidentiary value cited above, an execution issued by a foreign court on a foreign judgment would be ineffective in another state. It could not be used to levy on property of the defendant in any but its state of origin.

■ To reach property in another state, the plaintiff should bring an action in that state upon the foreign judgment. Restatement of Law of Judgments, c. 3, §47 e and f; Restatement of Law, Conflicts of Law, c. 10, §§433, 443 and 446.

■ In Massachusetts, an action brought upon a judgment within twenty years after it is rendered may be maintained without regard to the question whether an execution has been taken out or returned unless the defendant proves payment or satisfaction. *Linton v. Hurley,* 114 Mass. 76; G. L. c. 235, §19. And a foreign judgment on the record is to be given the same effect as that accorded to a similar judgment in our local courts even if, under our laws, a decree or judgment in this exact form might not have been rendered. *Amato v. Amato,* 244 Mass. 349, 351.

The case of *Sistare v. Sistare,* 218 US 16 seems to indicate that no execution is necessary.

■ Directly in point, is the case of *Green v. Green,* 239 Ala. 407 which says that arrears of child support need not be reduced to judgment in the state which granted the allowance where they are not subject to modification in that state. The arrears must be enforced in another state under the full faith and credit clause and the state of forum will determine the amount due and issue process for enforcement.

Having decided that the support decree

involved in this case is a final judgment and is actionable without an execution, we come to the last issue.

Should the defendant be held liable under the decree for the period after the date of the adoption decree?

In the case of *Swenson v. Swenson,* 227 SW 2d 103 decided by the Kansas City (Mo.) Court of Appeals, the child with his mother's consent enlisted in the Army. The court held that,

> "The induction of the son into the Army severed the filial relation as completely as if he had become of age. It 'terminated' and 'extinguished' the legal duty of the defendant to maintain and support the son. Under the law of this state [Missouri], the liability under the divorce decree is terminated by the child attaining maturity. Why should it not likewise be extinguished when the minor has become emancipated by reason of being inducted into the Military Service?"

The case at hand is analagous. Moreover, the plaintiff and her present husband having petitioned for the adoption, is charged with knowledge of the fact that under our statute, the effect of such an adoption is to terminate all rights, duties and other legal consequences of the natural relation of child and parent between the child so adopted and his natural parents. G. L. c. 210, §6.

It is hardly consistent for the plaintiff, after petitioning a Massachusetts Probate

Court for an adoption decree which would terminate the defendant's responsibility to support the child, to request a Massachusetts District Court to hold the defendant to such a responsibility. The plaintiff by petitioning for the adoption in Massachusetts is *estopped* in our Massachusetts Courts from asserting any liability on the part of the defendant for the support of the adopted child after the date of the adoption decree.

The trial judge was in prejudicial error in denying plaintiff's requests for rulings of law ♯9 and ♯18 and in the three rulings he made.

*The finding for the defendant is vacated. A finding is entered for the plaintiff in the amount of $1725.00 (Feb. 15, 1960—May 2, 1962, 115 weeks at $15 a week) with interest from the date of the writ.*

The late Honorable Arthur L. Eno, former member of this Division, and who is remembered with affection and respect by all his colleagues on the Bench, had been assigned this case for the purpose of writing the opinion. He died before completing it but, in a draft opinion, sustained the trial judge. He did state in the draft opinion:

> "We are satisfied that if an execution had been issued by the Missouri Court, the plaintiff could maintain a civil action against the defendant in a District Court and recover the amount due thereon under the full faith and credit clause of the United

States Constitution, Art. 4, §1, *Mooney v. Hinds,* 160 Mass. 469, 471; *Ladd v. Blunt,* 4 Mass. 402; *Buttrick v. Allen,* 8 Mass. 273."

We think we have covered this point in this opinion and regret we did not have the opportunity to discuss it with Judge Eno.

Henry G. Weaver and Erik H. Lund for the Plaintiff.

Finbury and Hampton, of Haverhill, for the Defendant.

*Western District*