## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Daniel D. Locke

v.

Norma Mahon Locke (Sprouse)

May 24, 1968

By JUDGE A. CHRISTIAN COMPTON

On January 22, 1968, pursuant to a Rule issued at the request of the defendant and following a hearing, the complainant was found guilty of contempt of this Court (as shown by the order entered March 1, 1968) for his failure to comply with the following portion of the final decree entered on September 5, 1961, which awarded the defendant a divorce from the complainant:

> It is further ordered that custody of the infant children born of the marriage be, and the same is hereby awarded to the defendant, and it is further ordered that the complainant do pay to the defendant for the care, support and maintenance of the said children, the sum of one hundred and eighty dollars ($180.00) per month.

The father was in arrears, as of December 31, 1967, in the amount of $13,754.50 in his payments for the support of the three children of the marriage as follows: a boy born January 13, 1944; a girl born May 23, 1950; and a boy born May 2, 1954.

The cause has been continued for a determination of what punishment, if any, should be imposed upon the complainant for his contempt and the cause is also before

the Court upon the complainant's motion that the amount of the arrearage be abated to the extent of $60.00 per month from June 20, 1963, the date upon which the oldest child became legally emancipated. It has been stipulated by the parties that the child became emancipated on the above date; that he was married on December 28, 1963, and has been selfsupporting since that time; and that he reached his majority on January 13, 1965. At no time has the father moved for a reduction of the amount of his payments and no order has been entered reducing the amount ordered paid in the final decree.

The father asserts that, by operation of law, the amount of the payment was reduced by one-third when the child became emancipated or, in the alternative, when the child married and became self-supporting, or when he reached the age of twenty one years; and therefore the father should have a credit on the arrearage as the result of any one of the above events.

The complainant's motion for such a retrospective cancellation as to the arrears is denied. There is considerable authority to support the proposition that the order for the support of *a* child made by a divorce court terminates automatically, as distinguished from the cancellation of the allowance by and upon application to the Court, when *the* child attains its majority, becomes emancipated, or marries. 24 Am. Jur. 2d, *Divorce and Separation*, Section 854, ftns. 12, 13, 14; 27B C.J.S., *Divorce*, Section 323(b) and (e); 2A ·Nelson on Divorce, Section 17.14. See also annotations found in 162 A.L.R. 1084, 6 A.L.R.2d 1277 and 58 A.L.R.2d 355. We are not here concerned with only one child and therefore the above authority does not meet the narrow issue raised by the facts of this case, even assuming but not deciding that Virginia would follow the above rule.

In this case there is a lump sum award of $180.00 per month for three children and the issue presented is whether that sum should be reduced proportionately when an event occurs which would automatically terminate liability for the support of one child. Although there are decisions to the contrary, the better reasoned view and the majority view is that a divorce decree which fixes a single monthly sum for the benefit of two or more children requires the payment of the entire sum until the youngest living

child attains majority or is emancipated, or until the decree is prospectively modified by a court order. *Gordon v. Ary*, 358 S.W.2d 81, 83 (Kan. 1962); *Taylor v. Taylor*, 362 P.2d 1027, 1029 (Col. 1961); *Cooper v. Matheny*, 349 P.2d 812, 813 (Ore. 1960); *Schrader v. Schrader*, 26 N.W.2d 617, 621 (Neb. 1947); 24 Am. Jur. 2d, *Divorce and Separation*, Section 854, p. 970, ftn. 1; 27B C.J.S. *Divorce*, Section 323(e), p. 728, ftn. 65.10; 2A Nelson on Divorce, Section 17.14, p. 75, ftn. 79; Anno. 2 A.L.R. 3rd 596, 611.

The reasons for this rule are sound and persuasive. A support order is not based solely on the needs of the children but also on the ability of the father to pay. Therefore when an amount is set at the time of the divorce, this amount may be entirely inadequate to meet the needs of two or more minor children, although the same amount might be adequate for the support of one child. This being true, no pro rata adjustment ought to be presumed to have been intended or contemplated as each child reaches majority or becomes emancipated, and any proposed modification should be addressed to the sound discretion of the Court which can make any necessary adjustment, as the facts may then appear. Moreover, "a single sum support payment should not be construed as intended to be impliedly pro-rated equally among its beneficiaries for the reason that requirements of the individual child vary widely depending on the age, sex, health, and other circumstances. Nor should the father be allowed to decide on either a personal or mathematical basis how much the single sum support amount established in the decree is to be cut down when one of several minor children becomes emancipated. Such modification, if one is called for, should be made by the appropriate court after a hearing in which all relevant facts as of the time of the requested modification can be considered, and the modification being based on the then appearing facts should not be retroactive." *Gordon* case, *supra*, pp. 83, 84. See also *Cofer v. Cofer*, 205 Va. 834 (1965). For cases *contra*, see *Simpkins v. Simpkins*, 137 N.W.2d 621, 625 (Iowa 1965); *Ditmar v. Ditmar*, 293 P.2d 759, 760 (Wash. 1956).

In this case, all of the awards made for support have been in a lump sum in varying amounts beginning with the *pendente lite* award made on January 9, 1961. No pro

rata adjustment can be presumed to have been contemplated and the father should not be allowed arbitrarily to determine how much, if any, of this single amount should be reduced upon the emancipation of the older child when two of the three children remain infants and unemancipated.

No punishment will be imposed upon the father at this time under the finding of contempt but the cause is hereby continued to September 4, 1968, at 10:00 A.M. and the Court at that time will review the actions of the father in complying with the support order including his efforts made to reduce substantially the arrearage. If this date is not convenient, counsel may arrange another mutually convenient date with our Clerk.

Counsel for the defendant will please prepare the order noting the Court's decision as expressed herein and continuing the matter. He should also provide that the complainant shall pay to counsel for the defendant an additional fee of $50.00 for representation of the defendant at the hearings of January 22 and April 17, 1968.