**Eileen LUSK, Plaintiff-Appellant,**

v.

**Cary E. LUSK, Defendant-Respondent.**

**No. 36997.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

June 1, 1976.

Harold L. Volkmer, Hannibal, for plaintiff-appellant.

Rendlen, Rendlen & Ahrens, Charles E. Rendlen, Jr., Hannibal, for defendant-respondent.

SIMEONE, Presiding Judge.

This is an appeal by plaintiff-appellant, Eileen Lusk, from an order of the Hannibal Court of Common Pleas, entered on January 6, 1975, quashing an execution and garnishment issued to the employer of the husband-defendant, Cary E. Lusk, the Burlington-Northern Railroad. The appeal involves the interpretation of a modification order entered in a "divorce" action by the Hannibal court on April 20, 1965, which reduced the amount of child support to $150.00 a month.

The facts follow. Eileen Lusk and Cary E. Lusk were married in April, 1951. They lived together as husband and wife until 1964. Two children were born of the marriage—Michelle Diane and Michael Kevin. On October 20, 1964, the Hannibal Court of Common Pleas entered its decree dissolving the marriage and ordered the husband, inter alia, "to pay Child Support in the sum of $200.00 (Two Hundred Dollars) per month, or One Hundred Dollars ($100.00) for each of the two children." At this time, the children were nine and six years of age respectively. The decree was entered by a judge who has since retired from the bench.

On April 7, 1965, Mr. Lusk filed his motion to modify the 1964 decree alleging a change of circumstances and that the amounts awarded for support and maintenance were excessive and unreasonable. On April 20, 1965, the court found that the husband's income had decreased from what it was between January and October, 1964, and found that Mrs. Lusk was then [April, 1965] employed. The court therefore ordered:

> "that the [1964] decree as to child support be modified to the extent that beginning May, 1965, the child support payments will be $150.00 per month in lieu of the $200.00 per month as provided in the original decree."

From what we can gather from the record, Mr. Lusk paid $150.00 per month under the modified decree from 1965 until December, 1973.

In the latter part of October, 1973, or early November, the older child, Michelle,

went to Quincy, Illinois, to care for her grandmother, and on January 2, 1974, she married and became emancipated.

After Michelle left home, Mr. Lusk discussed the question of Michelle's support with Mrs. Lusk. He indicated that he desired to withdraw $75.00 of support money and had a stipulation drawn up in December, 1973, or January, 1974, "withdrawing her from the child support." Mrs. Lusk requested more than $75.00 per month and never agreed "with Mr. Lusk that he was to pay . . . One Hundred Dollars ($100.00) a month." Although a stipulation was drawn up which provided for payments of $100.00 per month, Mrs. Lusk never signed the stipulation and, according to her, never agreed to the stipulation.

But, beginning in January, 1974, Mr. Lusk paid to the clerk of the court for the benefit of Mrs. Lusk $100.00 per month. He continued such payments from January, 1974, through September, 1974. While Mr. Lusk testified that there was an agreement to pay $100.00 a month, Mrs. Lusk was emphatic that no such agreement took place and that she never agreed to accept less than $150.00 per month. She admitted that Mr. Lusk delivered the stipulation to her but that she wanted her brother, who lived in Iowa, and her attorney to examine the stipulation. The stipulation was in fact never signed by Mrs. Lusk.

Sometime between January, 1974, and "election day," Mrs. Lusk personally attempted to have execution issued on the decree for the balance ($50.00) of the support order which ordered Mr. Lusk to pay $150.00 per month. Eventually, and on October 16, 1974, execution issued for child support against Mr. Lusk in the amount of $453.30 ($50.00 per month from January through September, 1974, plus $3.30 costs). Summons was issued to Mr. Lusk's employer, the Burlington-Northern Railroad Company, in support of the execution.

On November 8, 1974, Mr. Lusk filed his "motion to quash execution in garnishment" alleging (1) that the court issued its modification order "calling for child support" of $150.00 "per month for two children," (2) that on January 1, 1974, one of the children was married and became emancipated, thereby relieving him "from paying said" $150.00 "per month for the two children, and [he] has paid more than" $75.00 per month, "the prorata share of said child support since that time," (3) that Mrs. Lusk has "for many months" accepted $100.00 "as a settlement of the payment for the amount due for the support of said child remaining in the custody of the plaintiff," and that because she accepted that sum of $100.00 and because Mr. Lusk "has acted upon an oral agreement which has never been executed," Mrs. Lusk is "estopped" from denying that an agreement was made to pay $100.00 per month.[1] Mr. Lusk therefore prayed that garnishment be quashed.

The motion to quash was heard by the incumbent circuit judge on December 17, 1974, at which both Cary and Eileen Lusk testified. After the hearing and on January 6, 1975, the court quashed the execution and garnishment and released the levy. Mrs. Lusk filed her motion for new trial or in the alternative to enter judgment for her. The motion was overruled on April 4, 1975. At the hearing on the motion for new trial, the court made the following statement:

"The Court feels that it should give reasons and the appellate court should know why the Court did what it did. . . . I don't believe a circuit judge ought to hide behind—so that the appellate court would have to guess why the Court ruled as it did.[2] So, the Court specifically finds that there was no agree-

1. On December 17, 1974, Mr. Lusk also filed a "motion for modification" to reduce child support to $75.00 per month beginning January, 1974. There is nothing in the record to indicate that this motion was disposed of.

2. We commend the trial court for stating in concise form the reasons why it reached its decision. This is a commendable practice and is of great aid to an appellate court. Most often, we are left to grope for the reasons a trial court reached a particular decision.

ment between the parties to reduce the child support. In fact, the evidence was to the contrary. . . .

"Now, the matter of estoppel. There is more evidence that there is an estoppel here by far than there is of a contract, but the Court is not making its decision . . . based upon the estoppel theory.

". . . [The Court considered *Gordon v. Ary*, 358 S.W.2d 81 (Mo.App.1962), and *Meyer v. Meyer*, 493 S.W.2d 42 (Mo.App.1973), but believed the modification decree entered in 1965 can be distinguished from the judgments entered in those cases.]

". . . In [the original judge's order in 1964] he said the defendant, Cary E. Lusk, is ordered to pay child support in the sum of Two Hundred Dollars ($200.00) per month or One Hundred Dollars ($100.00) for each of two children. Now, [the judge] only modified the first part of that [original decree]. He reduced that to One Hundred Fifty Dollars ($150.00). The Court has reviewed the file and finds that there is no evidence that there was a need for a greater amount per child, so the Court believes that [the original judge's] One Hundred Dollars ($100.00) for each of the children is controlling in this case; and for that reason, the Court is going to deny [the] Motion for a New Trial. However, the Court believes that the present amount owed under the decree in 1964 is One Hundred Dollars ($100.00) a month and not Seventy-five Dollars ($75.00) per month. If you read [the] modification order [of 1965], this Court interprets that to mean that [the judge] felt that the man's income did not at that time justify Two Hundred Dollars ($200.00) a month child support, but [the judge] certainly didn't change his view or in his order that the respondent should be required to pay One Hundred Dollars ($100.00) per child.

". . ."

Hence, the trial court held: (1) that there was no agreement between the parties to reduce the child support—a contract was prepared, but Mrs. Lusk did not agree to it; (2) that while there is some evidence of estoppel, the court did not base its decision on that legal theory; (3) that the judge in 1965 only modified the first portion of the 1964 decree and reduced the amount to $150.00; and (4) that the portion of the original decree ordering payments to each child in the amount of $100.00 was not modified.

Mrs. Lusk duly appealed the order of January 6, 1975, quashing the execution and garnishment. In this court, Mrs. Lusk contends that the trial court erred in quashing the garnishment and in finding that the modification order of April 20, 1965, required Mr. Lusk to pay $100.00 per child. She contends that the 1965 decree was a "single" or "lump sum" support order of $150.00, whether there were one or two children remaining in the home, and hence the court erred in quashing the garnishment. In effect, Mrs. Lusk contends that the 1965 order required Mr. Lusk to pay $150.00 child support whether or not one child was emancipated or the decree was not otherwise modified. She argues that the order of payment of $150.00 per month for child support is a "single monthly sum" and that Mr. Lusk was required to make the payment of the entire amount of $150.00 per month, even though Michelle was emancipated, and until the younger child, Michael, reached majority or the decree was otherwise prospectively modified. She relies on *Gordon v. Ary*, supra, and *Meyer v. Meyer*, supra. Hence, she argues that by only paying $100.00 per month from January through September, 1974, Mr. Lusk was in arrears for child support in the amount of $50.00 per month, or a total of $450.00 plus costs; hence, the court erred in quashing the execution and garnishment.

Respondent on the other hand contends that the court did not err because (1) the modification decree was not changed to require the payment of $100.00 per child as long as one child remained in the custody of Mrs. Lusk, (2) the authorities relied upon by Mrs. Lusk are no longer authority under the

new dissolution law, § 452.370(3), RSMo (Supp.1973),[3] (3) the court in the modification order of 1965 did not make an order of "a single sum support payment" but provided for a specific amount, $100.00, if one child remained in the custody of Mrs. Lusk, and (4) the parties entered into an agreement for child support in the sum of $100.00 per month and Mrs. Lusk accepted that amount for several months; hence, she is "estopped" from asserting her claim to $150.00 per month for nine months.

■ This is a court-tried case. In such a case, we are bound by certain principles relating to such hearings. In such instance, we review both the law and the evidence, and due regard is given to the opportunity of the trial court to judge the credibility of the witnesses. Rule 73.01(3). Although there has been some confusion as to our scope of review since the revision of Rule 73.01(3), as amended January 1, 1975, deleting the phrase in former Rule 73.01(d), "clearly erroneous," this confusion has now been put to rest. *Murphy v. Carron*, 536 S.W.2d 30, 31 (Mo. banc, 1976). In that case, our Supreme Court stated that appellate review

"... is construed to mean that the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. ..." 536 S.W.2d at 32.

Under these principles, we affirm the judgment of the trial court.

■ Since the trial court found no agreement to accept $100.00 per month and did not hinge its decision on estoppel, the critical question presented in this case, as we perceive it, is whether the April 20, 1965 order modifying the 1964 decree constituted an order for a single sum support payment for the two children, Michelle and Michael, or whether the 1965 order modifying "child support" reducing the child support payments to $150.00 per month left intact that portion of the 1964 order requiring Mr. Lusk to pay $100.00 "for each of the two children." Or, stated another way—did the 1965 modification decree reducing child support from $200.00 to $150.00 per month modify those provisions of the 1964 decree ordering Mr. Lusk to pay $100.00 "for each of the two children"?

If the 1965 modification decree is to be construed as a "single sum" support order for the two children, it is clear under our authorities that Mr. Lusk is obligated to pay $150.00 per month until the younger child attains majority or until the decree is modified by court order.

"[A] divorce decree, . . . which fixes a single monthly sum to be paid for the benefit of two or more children is deemed by the courts to require payment of the entire sum until the youngest living child attains majority, or until the decree is otherwise prospectively modified by a court order. . . ." *Gordon v. Ary*, supra, 358 S.W.2d at 83.[4]

**3.** § 452.370, subsection 3: "Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child." See also § 452.415.

**4.** There is a conflict of authority on this issue. See cases collected in 24 Am.Jur.2d § 854, pp. 969–980 (1966); Annot., 2 A.L.R.3d 596, 611–613 (1965); Annot., 58 A.L.R.2d 355, 358–359 (1958). Some authorities hold that where the support order is for the support of two or more children and one child is emancipated or marries, the order abates proportionately. *Ditmar v. Ditmar*, 48 Wash.2d 373, 293 P.2d 759 (1956); *Codorniz v. Codorniz*, 34 Cal.2d 811, 215 P.2d 32 (banc 1950). Other authorities are

of the view that a decree which fixes a single monthly sum to be paid for the benefit of two or more children requires payment of the entire amount until the youngest child attains majority or until the decree is otherwise prospectively modified by order of court. *Cooper v. Matheny*, 220 Or. 390, 349 P.2d 812, 813 (1960); *Estes v. Estes*, 192 Ga. 100, 14 S.E.2d 680, 681 (1941); *Schrader v. Schrader*, 148 Neb. 162, 26 N.W.2d 617, 621 (1947); *Warren v. Warren*, 92 N.J.Eq. 334, 112 A. 729 (1921).

The issue involved in this proceeding is not whether marriage of a child terminates an order for the support of the child. As a general rule, an order for support of a minor child entered in an action of divorce terminates auto-

If the 1965 decree is to be so construed, then the trial court was in error in quashing the garnishment.

If, however, the 1965 modification order was not a "single sum support order" for both children but was in reality a decree reducing the total amount of child support to $150.00 per month but at the same time leaving intact the 1964 order requiring the respondent to pay $100.00 per month for each of the two children, then the trial court, in sustaining the motion to quash, was not erroneous.

The primary issue, therefore, is the interpretation of the 1965 modification decree and its impact on the 1964 order. Various interpretations of the 1965 decree are possible. First, the 1965 decree is a single lump sum support order for $150.00 per month for the two children. This interpretation would entitle the appellant to $150.00 per month from January through September, 1974, even though Michelle married in January, 1974, and left home. Since the younger child, Michael, was still in Mrs. Lusk's custody, under this interpretation Mrs. Lusk would be entitled to the sum of $150.00 per month for Michael. Second, the 1965 order reducing the child support from $200.00 to $150.00 per month by implication necessarily reduced the child support from $100.00 "for each of the two children" to $75.00 per month. By this interpretation, Mrs. Lusk could not complain, since she received more than that amount for the period January through September, 1974. A third interpretation is also possible. That interpretation is that the 1965 modification order reducing the child support payments from $200.00 to $150.00 per month left intact that portion of the 1964 order requiring Mr. Lusk to pay $100.00 per month for each of the two children and that each child was entitled to the sum of $100.00 per month for support while such child remained in the custody of the mother. That is, although the amount of child support was reduced to $150.00 by the 1965 modification, this did not modify that part of the 1964 order requiring Mr. Lusk to pay $100.00 for each

matically when the child marries and leaves home. *Specking v. Specking,* 528 S.W.2d 448,

child after one was married or emancipated. This was the interpretation found by the trial court:

". . . If you read [the 1965] modification order, . . . the man's income did not at that time justify . . . ($200.00) a month child support, but he [the judge who entered both the 1964 and 1965 orders] certainly didn't change his view or his order that the respondent should be required to pay . . . ($100.00) per child."

We believe that this interpretation by the trial court of the 1965 decree was not erroneous and should not be disturbed on appeal. We believe that the interpretation of the 1965 modification order was reasonable, and we decline to interfere with the ruling of the trial court. Hence, we are disposed to affirm the judgment.

The 1965 decree explicitly stated that:

". . . the [1964] decree as to child support be modified *to the extent that* . . . the child support payments will be $150.00 per month *in lieu of the $200.00 per month as provided in the original decree."* (Emphasis added.)

The 1965 order modified the 1964 order only "to the extent" that the support payments be reduced to $150.00 per month and ordered payments in the amount of $150.00 "in lieu" of $200.00 per month. The specific language of this modification order was limited and qualified. It was not a single sum support payment for two children. Hence, the interpretation of the trial court leaving intact that portion of the 1964 order relating to $100.00 per month for each of the two children cannot be said to be unreasonable. It is to be noted that the 1965 modification order did not specifically, explicitly and unequivocally order a "single sum support payment" of $150.00 for the two children. The order did not state that "child support payments shall be $150.00 per month," but rather decreed that the 1964 decree as to child support be modified "to the extent" that the payments be $150.00 "in lieu" of $200.00. Hence, the 1965 decree

451 (Mo.App.1975), and cases cited therein; *Meyer v. Meyer,* supra, 493 S.W.2d at 46.

was not a single sum support order as contended by the appellant so as to be governed by the authorities relied upon, but was in reality an order reducing the total amount of child support, leaving intact the provisions of the 1964 order relating to $100.00 per month "for each of the two children." We believe, as did the trial court, that the 1965 modification order can be construed to mean that, although the income of Mr. Lusk at the time did not justify payments of $200.00 child support and payments were accordingly reduced to $150.00, still the needs of the respective children were and continued to be such that support payments in the amount of $100.00 per month were necessary and should not be terminated or proportionately reduced after one of the children married or became emancipated. Hence, the 1965 decree can be construed to retain the provisions of the 1964 decree requiring child support in the amount of $100.00 per month for each child during the time one remained in the custody of the mother, Mrs. Lusk, and after one of the children married or otherwise was emancipated.

When, therefore, Michelle married in January, 1974, Mrs. Lusk was entitled to $100.00 per month in accordance with the 1964 decree for the support of Michael from January through September, 1974. This was the monthly amount Mr. Lusk was legally obligated to pay. This was the monthly amount he actually paid. Therefore, the trial court did not err in quashing the execution.

While the trial court's interpretation, which we approve, may, at first blush, seem strained and mathematically inconsistent, yet, when analyzed, it is in reality beneficial to each of the children of the marriage and is consistent with the purposes and policies underlying child support orders.

This interpretation takes into account both the needs of the individual child and the ability of the father to pay, and comports with the general rules regarding construction of judgments and decrees.[5] After Michelle married, if the respondent, Mr. Lusk, had attempted to reduce the child support payments pro-rata to $75.00 per month, Mrs. Lusk would have been entitled to have execution for the additional $25.00 per month.

In a sense, this situation is the converse of *Gordon v. Ary,* supra. In *Gordon v. Ary,* the court dealt with a single sum support order; here we deal with a support order for an individual child.

In *Gordon v. Ary,* supra, it was held that a single sum support payment should not be construed as intended to be impliedly prorated equally among its beneficiaries for the reason that requirements of the individual child vary widely depending on the age, sex, health, and other circumstances. So, here, too, a decree which is modified "to the extent" that the total amount of child support is reduced should not be construed so as to reduce the amount for the support of each child.

The interpretation given by the trial court that the 1965 decree reducing the total amount of child support to $150.00 did not thereby modify the 1964 order as to the amount due "for each of the two children" did not erroneously declare or apply the law. Hence, we should not interfere and reverse that interpretation. We cannot, therefore, conclude that the order of the trial court quashing the garnishment was erroneous. Hence, the order should be affirmed.

The judgment is affirmed.

KELLY and GUNN, JJ., concur.

---

**5.** See 46 Am.Jur.2d, Judgments, §§ 72–76, pp. 362–365 (1969); 49 C.J.S. Judgments § 436, pp. 862–869 (1947).