Katherine M. SULLIVAN
vs.
John O. SULLIVAN

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

June 20, 1980

Joseph H. Walsh for the plaintiff.
Lewis E. Eisenberg for the defendant.

Present: Lee, P.J., Welsh & Black, JJ.

**WELSH, J.** This is a civil action in which the plaintiff seeks damages for breach of contract by reason of the defendant's alleged failure to comply with the terms of a stipulation entered into between the parties. Said stipulation provided for the support and maintenance of the minor children of the parties.

The defendant moved to dismiss the action for failure to state a claim upon which relief could be granted. The defendant also filed an answer to the merits denying any breach of the agreement referred to in the complaint and asserting, by way of counterclaim, that the plaintiff was in breach of the agreement in question by failing to pay a certain promissory note referred to in said agreement.

The plaintiff filed a motion for summary judgment pursuant to Dist./Mun. Cts. R. Civ. P. 56. In connection therewith, the plaintiff filed an affidavit, a copy of the stipulation which was entered into between the parties in connection with a divorce decree entered by the Probate Court Department, Norfolk County Division.

The trial judge allowed the motion for summary judgment on the issue of liability and, upon assessment of damages, awarded the plaintiff the sum of $14,187.50 with interest from the date of each breach. The trial judge also found for the defendant, as plaintiff in counterclaim, in the sum of $3,800.00 with interest from September 1, 1977. Judgment was entered pursuant to these findings. The defendant's motion to dismiss was denied by the trial judge.

The defendant claims to be aggrieved by the allowance of the plaintiff's motion for summary judgment as to liability, the denial of the defendant's motion to dismiss and the assessment of damages.[1]

The crucial issue which is wholly dispositive of this appeal is whether or not the judge was correct in determining that the stipulation that was executed by and between the parties was not "merged" in the decree nisi of divorce entered by the Probate Court Department, but survived the decree so as to have independent legal significance, affording the basis for an action at law for breach of the agreement.

We determine that there was no error. Obviously, if the stipulation were merged in the decree and had no legal significance apart from the decree, the remedy for noncompliance would be by way of appropriate enforcement proceedings in the Probate Court Department. The district court has no jurisdiction to enforce or modify a judgment of the probate court as such. Similarly, the probate court is limited to those matters entrusted to it by the Legislature. For example, the Appeals Court recently held that a Probate Court judge has no jurisdiction of what is essentially an action at law for money due under a contract in writing, even though the contract was incorporated in a separation agreement. **Glick v. Greenleaf**, Mass. App. Ct. , (1980).[a]

The trial judge filed a memorandum of decision containing "findings of fact" as follows:

"I find that the Stipulation entered into by the parties in contemplation of the granting of a decree nisi of divorce was not merged in the decree entered in the Norfolk County Probate Court on November 27, 1974. I find that the defendant unilaterally reduced the lump-sum weekly support stipulation and order by $37.50 per child as each of three of the four children successively attained the age of eighteen years; and that at no time did the defendant petition the Probate Court for a modification of the support order, nor was one granted. One child of the parties remains under the age of eighteen. I find and rule that the lump-sum weekly award for the children of the parties is to continue until there is no longer a child eligible for support. **Cooper v. Matheny**, 220 Or. 390, 349 P. 2d 812 (1960). **Delevett v. Delevett**, 156 Conn. 1,

---

[1] The question raised regarding the manner in which damages were assessed was waived by the appellant at oral argument.

[a] Mass. App. Ct. Adv. Sh. (1980) 809, 811.

238 A. 2d 402 (1968); **Ferry v. Ferry,** 271 N.W. 2d 450 (Neb. 1978).

"I further find that even if the defendant acted properly in reducing the support payments on his own initiative, he is in arrears in weekly payments; thus, the only issue in the original action is the amount of ·damages.

"I find that defendant's Counter-claim 'arises out of the transaction or occurrence that is the subject matter' of the plaintiff's claim. **Dist./Mun. Cts. R. Civ. P. 13.**"

The stipulation which was executed between the parties was as follows:

"In the event this court grants a decree nisi the parties stipulate as follows:

"1. All arrearages with exception of outstanding medical bills are eliminated.

"2. Libellant shall execute a note in the amount of $3800.00 payable to the libellee which is executed this day.

"3. Libellee shall forthwith execute a deed conveying his interest in the property located at 99 MacIntosh Avenue Needham, Mass. to the libellant.

"4. Libellee shall pay to the libellant each week until they cease to become minors or are emancipated the sum of $150.00 for the support of the minor children.

"5. The libellant shall pay to the libellee the sum of $1200.00 forthwith.

"6. The libellee shall pay to the libellant's attorney the sum of $400.00 forthwith.

"7. The libellant and the libellee agree to make reasonable visitation by the libellee to the minor children with full cooperation, the libellee to give 3 days notice of visits.

"8. The libellee shall pay forthwith all outstanding medical bills of the minor children.

"9. The libellee shall pay all reasonable medical and dental bills of the minor children.

"10. The parties agree not to interfere with each other's personal freedom and liberty.

/s/ Katherine M. Sullivan
/s/ John O. Sullivan
Nov. 27, 1974"

The determinative factor in such cases is the intention of the parties regarding whether the agreement had independent legal significance so as to support an action at law for breach of contract. When the parties by apt language have manifested unequivocally their intention, the courts will give effect accordingly to that expression of intent. However, where as here the agreement itself is silent upon the question, the courts have resorted to various principles of construction. In the case of **Fabrizio v. Fabrizio,** 316 Mass. 343 (1944), the agreement expressly provided that if the court did not grant a decree of divorce, the agreement was at an end. **Id.** at 345. The court relied upon the express language of the agreement and reached the result that the judge had the authority, upon a proper petition for modification, to alter the terms of the alimony or support. However, in its formulation of the principle of construction, the court stated that where the agreement itself shows that the parties intended that it should continue in effect after the divorce decree, the agreement could be enforced in an action at law. **Id.** at 346. However, this rule was subsequently repudiated in the case of **Surabian v. Surabian,** 362 Mass. 342 (1972). The mere fact that the agreement itself does not specify whether it is to remain in force upon the awarding of a decree nisi of divorce does not compel the inference that the parties intended that the agreement terminate. It ought not to be presumed lightly that the parties intended that a judgment or decree that is subject to modification be substituted for an agreement which cannot be rewritten by the court and which is enforceable as a contract. **Id.** at 345. In other words, the rule formulated in **Surabian, supra,** is that in the absence of language or other circumstances clearly indicating a contrary intent of the parties, it is **presumed** that

604

the parties intended that the agreement survive and have independent legal significance, even though it is incorporated by reference or otherwise into a decree or judgment of divorce. See **Surabian, supra,** fn. 4 at 345-346; **Swift v. Swift,** Mass. App. Ct. (1979).[b]

Applying the principle of construction stated in the **Surabian** case, see **Freeman v. Sieve,** 323 Mass. 652, 656 (1949), it is clear that the judge was correct both in denying the motion to dismiss and in allowing the motion for summary judgment as to liability. Since the defendant filed no counter-affidavit fairly raising the issue of special circumstances that would render the rule of construction in **Surabian** inapplicable, see **Community Nat'l Bank v. Dawes,** 369 Mass. 550, 557, 558 (1976), the judge correctly determined, based upon the rule of construction expounded in that case, that the parties intended that the agreement was to continue to have independent legal significance after the entry of the decree nisi of divorce in the probate court, and that an action for breach of contract for violation of the agreement should lie.

It is ordered that the report be dismissed.

**So ordered.**

**Welsh, J.**

[b]Mass. App. Ct. Adv. Sh. (1979) 1415.