Elam, C.J.
This is an action in contract brought by Baby Cakes, Inc., against Mogul Cheese, Inc. to recover the sum of Ten Thousand ($10,000.00) Dollars plus reasonable attorney’s fees.
The plaintiff states that a “Stipulation of Dismissal” with prejudice entered into between the parties and filed in Suffolk Superior Court Civil Action No. 25815 obligated the defendant to pay it the sum of Ten Thousand ($10,000.00) Dollars plus reasonable attorney’s fees.
Subsequent to entering the instant action, the plaintiff filed a motion for summary judgment which was heard and allowed by the court. The defendant, being aggrieved by the court’s decision in allowing this motion, claimed a report and now seeks a determination of the issue by the appellate division.
Summary judgment in accordance with Rule 56 of the Mass. Rules of Civil Procedure can only be granted if there is no geniune issue as to any material fact. It is a “device to make possible the prompt disposition of controversies on their merits without a trial, if in essence-there is no real dispute as to the salient facts, or if only a question of law is involved.” Community National Bank v. Dawes, 369 Mass. 550 (1976); Pamesis v. Loyal Protective Life Ins. Co., 5 Mass. App. Dec. 66 (1977).
Defendant contends that summary judgment does not lie here, arguing that the affidavit of Paul Sulla, counsel for Mogul Cheese, Inc., presents a genuine issue of material fact. In that affidavit, Attorney Sulla states the “stipulation” filed along with the “Stipulation of Dismissal” in Suffolk Superior Court Action No. 25815 was ‘ ‘merely a memorandum of what the parties felt their obligations were. ’ ’ This statement in the judgment of the court does not present a genuine issue of material fact. See Comm. Bank & Trust Co. v. Plotkin, 371 Mass. 218 (1976) and Maiorana v. MacDonald, 596 F.2d 1072, 1080 (1979). It in no way contradicts the essential facts in plaintiffs affidavit, namely that the plaintiff had complied with each and every covenant contained in said stipulation; that defendant had paid nothing towards the $10,000 it had agreed in the stipulation to pay by December 10, 1978; and that defendant had acknowledged owing the plaintiff $10,000 as late as December 31, 1978 in a letter to Mogul Cheese Inc.’s stockholders. Nor did we find any other statement in defendant’s affidavit that raises a genuine issue of material fact.
The filing of the “stipulation” in court along with the “Stipulation of Dismissal” was in effect an agreement for judgment. The present suit is for all practical purposes a suit on that judgment. An action in contract may be brought to recover a judgment. Mass. G.L. c. 235, §19, Haynes v. Blanchard, 194 Mass. 244, 247 (1907); Fino v. Municipal Court of Boston, 326 Mass. 277, 281 (1950); Bentley v. Marshall, 32 Mass. App. Dec. 157(1963).
*157 The defendant further argues that the “Stipulation of Dismissal’ ’ having been entered with prejudice in Suffolk Superior Court Civil Action No. 25815 precludes the relitigation of the issues in that case. This argument is without merit as the plaintiff in this action does not seek to relitigate any of the issues that initiated the aforementioned Superior Court action, but merely seeks to recover what defendant agreed to pay in accordance with the stipulation entered in that case, but who, to date, has refused to do so.
There is no error. The action of the trial judge is affirmed and the report is hereby dismissed.

Report dismissed