## POINTER v. SHEPARD et al.

### No. 432.

Municipal Court of Appeals for the District of Columbia.

Nov. 5, 1946.

Morris Benson, of Washington, D.C., for appellant.

Margaret A. Haywood, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellant is tenant of a dwelling and appellees are her landlords. The landlords sued for possession on the ground, under the Emergency Rent Act,[1] that they desired it in good faith for their personal and immediate use as a dwelling. The trial court, sitting without a jury, gave judgment for the landlords, and the tenant prosecutes this appeal.

No question of the good faith of the landlords is raised. The only questions involved are procedural. The tenant urges, first, that the 30-day notice to quit was not properly served; second, that the tenancy was one at sufferance instead of, as urged by the landlords, from month to month; third, that the notice to quit was waived by acceptance of rent beyond its term; and, finally, that the trial judge abused his discretion in refusing to grant a continuance. These questions will be discussed in the order stated.

1. One of the landlords, Mrs. Shepard, testified she personally handed the notice to quit to the tenant, and that after reading it Mrs. Pointer said she

[1] Code 1940, § 45—1605 (b) (2).

would not accept it and handed it back. This was good service. It is true that Mrs. Pointer denied this, but it was for the trial judge to decide whom to believe. Furthermore, Mr. Shepard testified that the next day he returned to the dwelling, inquired for the tenant, and, upon being told she was not at home, delivered the notice to an adult person who came to the door. This, again, was good service.

2. The monthly agreement under which the tenant occupied the dwelling was received in evidence. Its terms showed explicitly that it established a tenancy from month to month, and there was no basis for urging the tenancy was one at sufferance.

3. Rent was accepted only for the period during the running of the notice to quit, and hence there was no waiver.

4. The final point raised by the tenant is equally without merit. She was served with process July 3, and the case was returnable in court July 12. The tenant waited until July 11 to obtain an attorney and when he appeared the next day he asked for a two weeks' continuance on the ground he was not prepared. He was offered a continuance for one week, but said he was just as much prepared then as he would be a week hence and elected to proceed with the trial. Under such circumstances, it can hardly be said the trial judge abused his discretion.

There being no error, the judgment is affirmed.