# CRUIS ALONG BOATS, INC. *v.* LANGLEY
## t/a Langley's Marina

[No. 3, September Term, 1969.]

*Decided October 8, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, FINAN and SMITH, JJ.

*Martin L. Blatt,* with whom were *Blatt, Blatt & Consalvo* and *J. Frank Boyd* on the brief, for appellant.

*Paul J. Bailey* and *Mark A. Singerman,* with whom were *Handen & Singerman* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

On November 8, 1968, a jury in the Circuit Court for St. Mary's County returned a verdict in the amount of $7,268 against appellant, Cruis Along Boats, Inc. The appellant was a defendant in an action for lost profits arising out of an alleged breach of contract.

This appeal is from (1) the decision of the trial judge refusing a request for postponement or continuance of the trial, and (2) the denial of a motion for a new trial. Both the continuance and the new trial were sought on the basis of the inability of one of appellant's counsel, Mr. Martin L. Blatt of the New Jersey Bar, to be present at the trial on November 8, 1968. On that date Mr. Blatt was actively engaged in the trial of a case in a court in New Jersey. Appellant contends that Blatt was its general counsel, and that its other attorney of record, Mr. J. Frank Boyd, was merely local counsel retained for the purpose of convenience in filing necessary papers.

The necessary background for our purposes began on April 21, 1966, when plaintiff's (appellee's) declaration was filed in the Circuit Court for Calvert County. Defendant filed its pleas by Mr. Boyd alone on June 13, 1966. On August 16, 1966, the appearance of Martin L. Blatt, as attorney for the defendant-appellant was entered. Thereafter, the case was removed twice, once to Prince George's County at the instance of defendant, then once again to St. Mary's County at plaintiff's instance. Appellant endeavored to have the case removed a third time, but the trial court denied its petition on May 1, 1967. After these maneuvers the case lay dormant for almost a year. Finally, on September 30, 1968, the attorneys were notified that a jury trial was set for Thurs-

day, November 7, 1968. A rule, No. 527 b of the Seventh Judicial Circuit of Maryland, which includes St. Mary's County, provides that after counsel are notified of the trial date, and unless they inform the assignment clerk of reasons why the proposed date is unsuitable, then thirty days after notification the trial date becomes binding. No continuance will thereafter be granted unless the court is satisfied that an emergency of such a nature has arisen that to compel the trial to go forward would result in injustice. In the instant case neither side presented objections within the thirty days. The controversy in this case turns on whether the particular factual situation constituted such an emergency.

On November 4, 1968, Mr. Blatt first notified Mr. Boyd by telegram that he (Blatt) had been unexpectedly called to trial in New Jersey. This telegram read as follows:

> "COMMENCE TRIAL OF A JURY TRIAL CASE BEFORE JUDGE REPETTO TODAY DUE TO ELECTION DAY COURTS ARE CLOSED TOMORROW APPEARS THIS CASE WILL TAKE A MINIMUM OF TWO AND A HALF DAYS TO COMPLETE. PLEASE ADVISE COURT I WILL BE READY TO TRY CRUIS-ALONG BOATS INC AS LONG AS I HAVE COMPLETED JURY TRIAL OF CASE PRESENTLY IN SESSION THERE ARE NO JURY TRIALS ON FRIDAY SO THAT I WILL BE AVAILABLE ON FRIDAY FOR A TRIAL IN MARYLAND. THE MARYLAND CASE SHOULD NOT TAKE MORE THAN ONE DAY. PLEASE ADVISE THE COURTS WISHES"

Mr. Boyd communicated with the court on the same day and pursuant to Maryland Rule 527 sought a continuance either to Friday, November 8, 1968, or some other date. A new date of December 6, 1968, was proposed but counsel for appellee had conflicting engagements and could not agree to the new date. Although a heavy assignment of

cases was scheduled for November 8, the trial judge permitted the jury to be selected and sworn on November 7 and delayed the actual trial until November 8. On November 7 an associate of Mr. Blatt's firm communicated to the court that Mr. Blatt would also be required in New Jersey on the 8th and requested a further continuance. The trial judge was unwilling to delay the trial any longer, and so informed Mr. Blatt's associate, suggesting that some other member of his firm might be sent in his place with any pertinent documents or witnesses. On November 8, Mr. Boyd informed the court he was unprepared to try the case, and no one from Mr. Blatt's firm was present. Mr. Boyd sought to have his appearance stricken, but this was not allowed by the trial court. Mr. Boyd then stated that he felt compelled to take no active part in the case, and notwithstanding a warning by the trial judge of the likely adverse effect on his client's cause, Mr. Boyd made no opening or closing statements, cross-examined no witnesses, and requested no instructions to the jury.

Both the specific court rule involved here, and the general decisions of this Court make it abundantly clear that the granting or withholding of a continuance is discretionary with the trial court, and that his action in this respect, unless arbitrary, will not be reviewed on appeal. *Thanos v. Mitchell*, 220 Md. 389, 152 A. 2d 833 (1959). We find no arbitrary action or abuse of discretion in this case. Appellant's theory is that Blatt was its only "real" counsel, and denial of a continuance, when it became obvious that he could not be present, was a denial of the constitutional right to effective assistance of counsel. However, Mr. Boyd had been associated in the defense of the case since its inception some two and a half years earlier. He had filed the pleadings, taken depositions, and filed interrogatories. He knew at least on the 4th of November that it was possible that Mr. Blatt might not be able to attend on Friday, November 8. If he did not himself feel competent to undertake trial of the case, he should have made other arrangements, per-

haps adopting the suggestion of the trial judge that an associate of Mr. Blatt's New Jersey firm handle the trial.

Although the bulk of the cases involving questions of continuance have arisen where witnesses were missing, several have involved absent counsel. In *Martin v. Rossignol*, 226 Md. 363, 174 A. 2d 149 (1961), we held that it was not an abuse of discretion for the trial court to deny a continuance on the ground that a certain attorney for defendants was engaged in another court, when it appeared that the defendants were adequately represented by associate counsel at the trial. In *Travelers v. Nationwide*, 244 Md. 401, 224 A. 2d 285 (1966), an attorney appeared before the court on the day of trial and stated he would be unable to appear at the scheduled time of trial. After requesting a continuance he departed from the court. At trial opposing counsel refused to consent to a continuance, stating he had secured the attendance of an out-of-state witness. Denial of a continuance was held not an abuse of discretion. Neither of these cases is precisely in point, but they clearly establish that mere absence of chosen counsel will not justify an automatic continuance. See also *Fontana v. Walker*, 249 Md. 459, 240 A. 2d 268 (1968) ; *Clarke Baridon v. Union Co.*, 218 Md. 480, 147 A. 2d 221 (1958). In none of the above cases was the ground of lack of preparation of an attorney of record raised, but we have said elsewhere:

> "Under such circumstances there is no doubt that the failure of trial counsel to adequately prepare for trial was not a ground for a continuance or postponement. Moreover, in the absence of a showing of abuse of discretion, a ruling on a motion for a continuance or postponement, is not reviewable." *Hughes v. Averza*, 223 Md. 12, 19, 161 A. 2d 671, 675 (1960)

To the same effect see *Pointer v. Shepard*, D.C. Mun. App., 49 A. 2d 659 (1946).

Appellant in this Court also raises the ground of absence of a "key" witness as a further ground for contin-

uance. The record discloses this ground was first raised by Mr. Boyd in his motion to strike his appearance, and not by Mr. Consalvo (of Mr. Blatt's firm) in requesting a further continuance on November 7. In any event no attempt at compliance with Rule 527 c was made in the lower court as to affidavits or specificity of the witness' evidence, and this point is thus not properly before us. *Cf., Brooks v. Bast,* 242 Md. 350, 353-54, 219 A. 2d 84, 86 (1966).

Appellant's last contention is both logically and procedurally confusing. Appellant filed a motion for a new trial, and appellee filed a motion *ne recipiatur* claiming appellant's motion was untimely filed. The trial court heard argument on the motion for a new trial, and as the result, ordered the docket entry of judgment absolute be changed from November 12 to November 15 so as to reflect the intervening Saturday, Sunday and legal holiday (Veterans' Day) following the entry of judgment *nisi,* in accordance with Rule 8. However, even with the correction of the docket entry, appellant's motion was not filed within the three day time limitation required by Rule 567 a and b, and was not in fact filed until November 29. After hearing argument from both counsel, the trial judge granted appellee's motion *ne recipiatur.*

For the above stated reasons the judgment will be affirmed.

*Judgment affirmed, appellant
to pay the costs.*