## SOL BECKER *v.* BETTY BELLE BECKER

[No. 1233, September Term, 1977.]

*Decided June 13, 1978.*

The cause was argued before LOWE, MELVIN and MACDANIEL, JJ.

*Neil Edward Axel* for appellant.

*Thomas A. Gentile,* with whom was *Harry W. Goldberg* on the brief, for appellee.

MELVIN, J., delivered the opinion of the Court.

The sole issue presented by this appeal, a case of first impression in Maryland, is whether a father who has been ordered by a divorce decree to pay an undivided sum weekly for the support and maintenance of the two minor children of the parties, may unilaterally reduce by one-half the amount of such payments when the first child attains his majority. We hold that unless the father obtains a court order modifying the amount of support awarded by the divorce decree, he must pay the full amount of the award until such time as the younger child has attained his majority.

By decree dated June 30, 1971, Betty Belle Becker (appellee) was divorced *a vinculo matrimonii* from Sol Becker (appellant). The decree granted custody of the two minor children of the parties to appellee, awarded appellee the sum of $25.00 per week as alimony, and provided:

> "That the Defendant SOL BECKER shall pay to the Plaintiff, BETTY BELLE BECKER, for the support and maintenance of the aforementioned minor children of the parties the sum of $60.00 per week, pending further order of this Court."

Appellant began making payments of $85.00 per week ($25.00 /week for alimony plus $60/week for child support) in July of 1971. On April 19, 1973, the elder child of the parties, Scott Lawrence Becker, became twenty-one years of age. Appellant continued, however, to make payments of $85.00 per week until April 15, 1974, at which time all payments ceased. On September 23, 1975, appellant resumed making payments to appellee, but only in the amount of $40.00 per week. Appellant continued to make payments of $40.00 per week until October 17, 1977.

Meanwhile, on August 1, 1974, appellee filed a motion to increase child support and alimony. An order increasing alimony and support was filed on July 3, 1975, but was vacated on May 3, 1976 *nunc pro tunc* due to defective service of process. The matter was then referred to the Master for Domestic Relations, who recommended the termination of both alimony and support. An order terminating alimony and support was signed on July 25, 1977.[1]

On September 10, 1976, appellee filed one of a series of motions to adjudicate appellant in contempt for failure to comply with the alimony and support provisions of the June 30, 1971 divorce decree. A hearing on the motion was held on October 18, 1977, at which time appellant admitted that he was in arrears, but contended that he was obligated to pay

---

1. The obligation to pay child support actually terminated by operation of law on July 1, 1977, when the younger child attained the age of twenty-one. Borchert v. Borchert, 185 Md. 586, 45 A. 2d 463 (1946).

child support in the amount of $60.00 per week only until April 19, 1973 (when the elder child turned twenty-one) and that from April 19, 1973 until July 1, 1977 (when the younger child turned twenty-one) he was only obligated to pay child support in the amount of one-half that ordered by the June 30, 1971 decree or $30.00 per week. The trial judge (Fairbanks, J.) rejected this contention, holding that appellant was obligated to pay child support in the amount of $60.00 per week until the younger child attained the age of twenty-one, or until the June 30, 1971 divorce decree was modified by an order of court. Based on this holding, the trial judge computed the arrearages (in child support and alimony) at $6,730.00 and entered judgment on that amount. From this judgment, appellant noted a timely appeal to this Court, contending that his obligation to pay child support was automatically reduced by one-half (*i.e.,* to $30.00 per week) on April 19, 1973 when the elder child attained the age of twenty-one. Thus appellant contends that the trial judge erred in computing the amount of arrearages, and that the correct amount is $1,650.00. We find no error, and will affirm the judgment entered below.

In 2 Nelson, *Divorce and Annulment,* § 14.91 at 127-28 (2d ed. 1961) the general rule is stated that:

> "In the absence of an agreement providing otherwise, the allowance for support of a child is ordinarily limited to his or her minority. However, where one monthly sum is awarded for support of several minor children during their minority, it will be considered as providing monthly payments of such sums until the youngest child has attained his majority."

This rule has been adopted in the vast majority of jurisdictions which have considered the question of whether the award of an undivided sum periodically for the support and maintenance of minor children is automatically reduced when the eldest child attains his majority. *See e.g. Doty v. Doty,* 45 Ill. App. 3d 213, 359 N.E.2d 784 (1977); *Halcomb v. Halcomb,* 343 So. 2d 1183 (La. App. 1977), *aff'd.,* 352 So. 2d 1013 (La. 1977); *Redman v. Redman,* 521 P. 2d 584 (Wyo.

1974); *Delevett v. Delevett,* 156 Conn. 1, 238 A. 2d 402 (1968); *Cosgriff v. Cosgriff,* 126 N.W.2d 131 (N. D. 1964); *Gordon v. Ary,* 358 S.W.2d 81 (Mo. Ct. App. 1962); *Taylor v. Taylor, 147* Colo. 140, 362 P. 2d 1027 (1961); *Cooper v. Matheny,* 220 Or. 390, 349 P. 2d 812 (1960); *Kuyper v. Kuyper,* 244 Iowa 1, 55 N.W.2d 485 (1952); *Schrader v. Schrader,* 148 Neb. 162, 26 N.W.2d 617 (1947); *Miller v. Miller,* 74 App. D. C. 216, 122 F. 2d 209 (1941). *But see Ditmar v. Ditmar,* 48 Wash. 2d 373, 293 P. 2d 759 (1956);[2] *Codorniz v. Codorniz,* 34 Cal. 2d 811, 215 P. 2d 32 (1950). *See generally,* Annot., *Undivided Support Award,* 2 A.L.R.3d 596, 611-13 (1965) and 1977 supp. While the appellate court of Illinois in *Snip v. Snip,* 35 Ill. App. 2d 427, 183 N.E.2d 175 (1962) reached a result contrary to that dictated by the rule set out in 2 Nelson, *Divorce and Annulment, supra,* that same court, in the later case of *Doty v. Doty, supra,* declined to follow *Snip v. Snip, supra,* noting that, ". . . later cases have not followed the rationale of *Snip."* 359 N.E.2d at 786.

There is also sound reasoning behind the rule holding that an undivided award is not automatically reduced by the emancipation of the eldest child:

> "The reason for considering a single amount to be paid periodically for the support of more than one child as not subject to an automatic pro rata reduction is two-fold. First, a child support order is not based solely on the needs of the minor children but takes into account what the parent can afford to pay. General Statutes § 46-26; *Yates v. Yates,* 155 Conn. [544], 235 A. 2d 656. Consequently, a child support order may not accurately reflect what the children actually require but only what the parent can reasonably

---

2. *Ditmar,* relied on by appellant in his brief, is actually distinguishable from the case *sub judice* in that the decision therein was based on the trial court's having construed the decree awarding child support "as providing a severable award adequate for three children." 293 P. 2d at 760-61. As the trial court in this case construed the decree awarding child support as providing an undivided rather than a severable award, the holding in *Ditmar* does not necessarily dictate a result contrary to that we reach herein.

be expected to pay. To allow an automatic reduction of an undivided order would be to ignore the realities of such a situation. Second, to regard an undivided child support order as equally divisible among the children is to ignore the fact that the requirements of the individual children may vary widely, depending on the circumstances. *Cooper v. Matheny,* supra." *Delevett v. Delevett, supra,* 238 A. 2d at 404.

*See also Redman v. Redman, supra* at 587; *Cosgriff v. Cosgriff, supra* at 134; *Gordon v. Ary, supra* at 83; *Cooper v. Matheny, supra,* 349 P. 2d at 813.

We adopt the rule set out in 2 Nelson, *Divorce and Annulment, supra* and hold that Judge Fairbanks was correct in concluding that appellant's obligation to pay child support as provided for the 1971 divorce decree was not automatically affected by the elder child's having attained his majority. While the elder child's having attained his majority may have been grounds, upon proper application by appellant, for an order from the circuit court modifying the 1971 decree, appellant made no such application. Absent a court order modifying the 1971 decree, appellant remained obligated to pay weekly the undivided sum provided for in that decree until the younger child attained his majority.

*Judgment affirmed; costs to be paid by appellant.*