489 A.2d 559

**Theron QUARLES**

v.

**Patricia QUARLES.**

**No. 1354, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

April 3, 1985.

Sheldon E. Friedman, Timonium, for appellant.

Daniel J. Bartolini, Baltimore (Curtis C. Coon, and Burke, Gerber, Wilen, Francomano & Radding, Baltimore, on the brief), for appellee.

Argued before GARRITY, ADKINS and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

The parties, Theron Quarles, Sr., appellant and Patricia Quarles, appellee, were married on June 28, 1961. They had two children, Theron Quarles, Jr. and Richard Quarles, born January 17, 1965 and May 25, 1966 respectively. After the parties began living separate and apart, appellee assumed care and custody of their minor children.

The parties were divorced a vinculo matrimonii by the Circuit Court for Baltimore City on June 24, 1981. The decree provided, in pertinent part:

5. That husband shall pay directly to wife, and not through any governmental agency, the sum of Eight Hundred Dollars ($800.00) per month as alimony and

child support (with no fixed allocation), on the first (1st) and fifteenth (15th) of each month in equal installments, accounting from June 15, 1981.

The alimony and child support provision was made "... subject to further order of this Court" and incorporated into the decree. The court reserved, for later decision,[1] issues pertaining to marital property, entitlement to marital awards, court costs and expenses, and counsel fees.

Pursuant to the reservation, a hearing was scheduled for September 17, 1981. Prior to the hearing, the parties entered into an agreement amending the decree: appellee waived any rights that she might have in appellant's military pension; appellant agreed to "... convey [to appellee] all of his right, title and interest..." in the family home; and appellant agreed to provide appellee with non-modifiable fixed support. This agreement was adopted by the court and incorporated into the June 24, 1981 divorce decree, which was otherwise confirmed and ratified.

Appellant paid the specified alimony and support through July, 1983 when he began to reduce the payments. Appellee thereupon filed a petition to cite appellant for contempt and for other relief. Appellant countered with a petition to modify the decree, citing as the reason the fact that one of the children reached majority on January 17, 1983. Appellee, demurred and, due to a change in the amount of arrearage claimed, filed an amended petition for contempt. Appellant responded by moving to consolidate the various proceedings.

A hearing on appellee's contempt petition was held on February 24, 1984 before Master Bonita Dancy. At that time appellant, who presented no testimony, contended that Theron, Jr.'s majority relieved him of his obligation to pay the full agreed upon amount. The parties stipulated to the amount of the arrears. The master concluded:

---

1. Md.Code Ann. Courts Art. § 3–6A–05 permits the court to reserve for a period of 90 days the determination of marital property issues.

1. That the husband engaged in "unlawful" self-help in unilaterally deciding "not to obey the terms of the valid court order that he has both the ability and estate to obey"
2. That under Article 16 Section 28 Annotated Code of Maryland agreements between husband and wife concerning alimony and child support are valid and modifiable by the court unless the parties state that the alimony provision is not subject to modification but provisions concerning child support are always subject to modification
3. That the order of October 5 did not allocate the amount designated as child support and the amount designated as alimony, and states that the $800 is not subject to modification
4. That the husband was in contempt "because under this Order there is no way he can unilaterally determine what portion of the $800 payment is child support"
5. That the husband cannot reduce payments because even if a portion of the $800 is determined to be child support, it was an award to two children "with no per child designation..." and husband must continue to pay the full undivided amount until each child attains majority [citing *Becker v. Becker,* 39 Md.App. 630, 387 A.2d 317 (1978) ]

Finding no basis for appellant's failure to pay appellee $800 per month as ordered, she referred the case to court for hearing and recommended "that [appellant] be adjudged in contempt of the court with sanctions as the court deems appropriate under the circumstances."

Appellant excepted to the findings and recommendation of the master and requested a hearing. That hearing was scheduled for June 5, 1984 when all open matters were to be considered. Appellant subsequently filed, on the date of the hearing on his exceptions, an amended petition for modification on the grounds that his youngest child attained majority on May 25, 1984.

On June 5, 1984, appellant was not present, but his counsel appeared and requested a postponement because he was unprepared to present testimony or offer exhibits. The request was denied. After argument of counsel, all open matters were considered and ruled upon. The court's rulings were incorporated into an order dated June 14, 1984, which provided:

(1) the Petition for Modification of Decree and Amended Petition for Modification of Decree be dismissed

(2) Petitioner's Demurrer to Respondent's Petition for Modification of Decree be rendered moot

(3) Respondent's Exceptions to Findings of Master be overruled

(4) arrearages be set at Three Thousand, Six Hundred Sixty-six Dollars ($3,666.00) said arrearage representing all payments under said Consent Decree due up to, but not including, any amount due and payable in June, 1984

(5) the husband was found in contempt of court and was ordered to purge himself of the contempt by payment of an additional sum of Two Hundred Dollars ($200.00) per month, through the Bureau of Support and Enforcement of Baltimore City

(6) husband shall pay Eight Hundred Dollars ($800.00) monthly Alimony and Child Support (with no fixed allocation) as ordered by this court on October 5, 1981, through the Bureau of Support and Enforcement of Baltimore City, payable monthly in two (2) equal installments on or before the 3rd and 17th day of each month

Appellant appealed and, in this court, presents two questions:

1. Did the Honorable Joseph H.H. Kaplan, Judge of the Circuit Court for Baltimore City, err by dismissing the Defendant's Petition for Modification of Decree and by overruling the Defendant's Exceptions to Findings of the Master in his Order dated June 14, 1984?

2. Did the Honorable Joseph H.H. Kaplan err in determining the alimony and child support (with no fixed allocation) provision of the Consent Decree entered on October 5, 1981, is non-modifiable?

### 1.

 Appellant asserts that the trial judge erred in denying his timely request for postponement. He argues that his counsel's appearance on June 5, 1984 was "for the purpose of determining whether or not a postponement of the various motions and petitions pending before the court would be granted" since appellant was out of the country and would not be available to testify.

It is within the trial judge's discretion to grant or to deny a continuance and that decision will not be disturbed on appeal, absent an abuse of discretion. Maryland Rule 2–508 (former rule 527 a); *In Re McNeil,* 21 Md.App. 484, 320 A.2d 57 (1974); *Colburn v. Colburn,* 20 Md.App. 346, 316 A.2d 283 (1974); *Brooks v. Bast,* 242 Md. 350, 918 A.2d 84 (1966). Failure to adequately prepare for trial is ordinarily not a proper ground for continuance or postponement. *Cruis Along Boats, Inc. v. Langley,* 255 Md. 139, 257 A.2d 184 (1969); *Hughes v. Averza,* 223 Md. 12, 161 A.2d 671 (1960). Appellant excepted to the master's findings on March 20, 1984 and a hearing was set for June 5, 1984. Appellant's counsel had ample time to prepare for the hearing and to arrange for appellant to be present. We find that the trial judge did not abuse his discretion when he denied appellant's request for postponement.

Appellant next alleges that the trial judge erred in dismissing his petition and his amended petition for modification of the Decree without an evidentiary hearing. We disagree for reasons to be discussed below.

Appellant also complains that the trial judge erred in overruling his exceptions to the findings of the master without an evidentiary hearing. Appellant's argument is without merit.

 Maryland Rule 596 h. 6., present Rule 2–541(i), provides, in pertinent part:

6. Hearing—Additional Evidence.

No evidence in addition to that presented to the Master shall be submitted at a hearing upon exceptions unless the exceptant has set forth in the exceptions, with particularity, the additional evidence which he desires to offer at the hearing and specifically requests in the exceptions that additional evidence be taken at the hearing, with the reasons why the evidence was not offered before the Master. The court may in its discretion (i) remand the matter to the Master to hear and make appropriate findings or conclusions in regard to the additional evidence and to report thereon, (ii) hear and consider the additional evidence, or (iii) conduct a de novo hearing.

In order for appellant to have presented additional evidence, he must have complied with Rule 596 h. 6. Appellant did not comply and, therefore, has no basis for complaint. In any event, the decision to allow the presentation of additional evidence is within the sound discretion of the trial judge. That discretion in this instance was properly exercised.

 Appellant's complaint that the trial judge's determination of the arrearages was without support in the record is likewise without merit. Where installments of alimony and child support are not paid, the right to collect any amount in arrears may be obtained through the court. See *Stewart v. Stewart,* 256 Md. 272, 260 A.2d 71 (1969), *Stancill v. Stancill,* 41 Md.App. 335, 397 A.2d 218 (1979). In the case *sub judice,* the parties stipulated to the arrearages at the master's hearing. That stipulation was included in the Master's Report, which was part of the record and available to the trial judge. The consent decree, which set forth the amount of the payments, their due date, as well as their starting date, was also a part of the record. The trial judge could easily compute the arrearages from the evidence in the record. Again we find no error.

Appellant's argument that he was improperly adjudged in contempt because he did not have the opportunity to "advance a defense in his behalf so that the court could make a reasonable determination of the issue" again fails for lack of merit. Appellant, although given the opportunity to present evidence before the master, chose to present no evidence or testimony. Notwithstanding, appellant's counsel was given the opportunity to argue in appellant's behalf before Judge Kaplan and the Master's Report and Recommendation was before the trial judge.

The record contains ample support for the trial judge's finding of contempt. A father may not be compelled to support a child after he reaches majority. *Becker v. Becker, supra.* However, a father may not unilaterally reduce his support payments on a pro rata basis where a lump sum has been awarded for child support for more than one child and where one of them reaches majority. *Becker, supra.* He must pay the full amount of the award until the younger child attains majority or until the amount is modified by the court. *Becker, supra.* In *Becker,* we said:

> The reason for considering a single amount to be paid periodically for the support of more than one child as not subject to an automatic pro rata reduction is two-fold. First, a child support order is not based solely on the needs of the minor children but takes into account what the parent can afford to pay. Consequently, a child support order may not accurately reflect what the children actually require but only what the parent can reasonably be expected to pay. To allow an automatic reduction of an undivided order would be to ignore the realities of such a situation. Second, to regard an undivided child support order as equally divisible among the children is to ignore the fact that the requirements of the individual children may vary widely, depending on the circumstances. (citations omitted)

Id. [39 Md.App.] at 633, 387 A.2d 317. Thus, the appellant, having unilaterally reduced his payments under the decree, was justly adjudged in contempt of court.

Under these circumstances, there was no error.

■ Appellant finally alleges that the trial judge did not rule on his motion to consolidate. Appellee on the other hand, argues that the court's actions on June 5, 1984 were the functional equivalent of granting appellant's motion for consolidation. We agree. The trial judge clearly considered all open motions and matters, including appellant's motion to consolidate.

## 2.

■ The provision at issue here provides:
3. That the alimony and child support provision contained in Paragraph 5, Page 2 of this Honorable Court's Decree of Divorce dated June 24, 1981 be amended to the end and intent that husband shall pay directly to wife, and not through any governmental agency, the sum of Eight Hundred Dollars ($800.00) per month as alimony and child support (with no fixed allocation), payable in equal installments on the 1st and 15th of each month, and that such amount shall not be modifiable or subject to further order of any Court, to the end and intent that Patricia Quarles shall receive from Theron Quarles, Sr. Eight Hundred ($800.00), payable in equal installments on the 1st and 15th of each month.

This agreement was incorporated into the decree. Maryland Rule S77 b. By the terms of the Decree, the unallocated payment for alimony and child support is non-modifiable. Article 16 Section 28, Annotated Code of Maryland provides in pertinent part

§ 28 Effect of agreement and settlements between parties.

...However, whenever any deed or agreement shall make provision for or in any manner affect the care, custody, education or maintenance of any infant child or children of the parties, the court has the right to modify the deed or agreement in respect to the infants as to the court may seem proper, looking always to the best interests of the

infants. Furthermore, any provision in the deed or agreement in respect to alimony, support and maintenance of the husband or wife is subject to modification by the court to the extent the court deems just and proper regardless of the manner in which the provisions with respect to the alimony, support and maintenance are expressed or stated unless there is an express waiver of alimony, support and maintenance by the husband or wife or unless the provisions of the deed, agreement, or settlement specifically state that the provisions with respect to the alimony, support and maintenance of the husband or wife are not subject to any court modification.

Thus, despite the parties' agreement, child support is always modifiable by the court. Alimony, on the other hand, is modifiable or not, as the parties agree. Here, then, only the alimony award is non-modifiable.

Relying on the fact that the children were "clearly emancipated prior to [Judge Kaplan's] order," appellant argues that the language of the consent decree should not be construed as requiring him to pay appellee $800.00 per month for the balance of his or her life. He urges that the language in the consent decree was chosen for Federal and State income tax reporting purposes. Appellant thus asserts that "[t]he mere fact that the amount to be paid is not allocated does not under the language of the statute, convert the payment of child support to the payment of alimony"; therefore, his obligation under the decree is to request modification of the decree upon the emancipation of each child.

Appellee, on the other hand, contends that the parties intended the support provision to be non-modifiable to the extent that appellee would always receive $800 per month.

The threshold issue is the nature of the award. It is an unallocated award for alimony and child support. Such awards are proper; however, it is the better practice to separately designate the alimony and child support portions of the award. *Knabe v. Knabe*, 176 Md. 606, 6 A.2d

366 (1939), *Roberts v. Roberts,* 160 Md. 513, 154 A. 95 (1931), *Ruthenberg v. Ruthenberg,* 229 Md. 118, 182 A.2d 347 (1962), *Donigan v. Donigan,* 208 Md. 511, 119 A.2d 430 (1956), *Cullotta v. Cullotta,* 193 Md. 374, 66 A.2d 919 (1949), *Woodall v. Woodall,* 16 Md.App. 17, 293 A.2d 839 (1972). Although generally such awards are modifiable, *Knabe v. Knabe, supra,* including the separation of the alimony portion from the child support portion, *Woodall v. Woodall, supra,* (separation allowed for tax purposes), *Fuhrer v. Fuhrer,* 91 Ill.App.2d 358, 235 N.E.2d 389 (1968) (separation due to age of the children), *Rogoff v. Rogoff,* 115 So.2d 456 (Fla.1959) (separation allowed for tax purposes), *McVey v. McVey,* 6 Ariz. 380, 137 P.2d 971 (1943) (separation allowed despite lapse of almost eight years from date of child's majority), this is not always so. *Ruthenberg v. Ruthenberg, supra* (trial court's refusal to allocate alimony and child support under a lump sum pendente lite order was not an abuse of discretion), *Bachus v. Bachus,* 216 Ark. 802, 227 S.W.2d 439 (Ark.1950) (court may not modify an unallocated alimony and child support award agreed to by the parties and incorporated into the decree.) Such an unallocated award may be characterized as alimony notwithstanding the reference to child support. *Knabe v. Knabe, supra.* [1a]

Where, however, the unallocated award purports to be non-modifiable or a component of the award is *non-modifiable,* a different analysis applies. *Bebermeyer v. Bebermeyer,* 241 Md. 72, 215 A.2d 463 (1965), *Guss v. Guss,* 1 Conn.App. 356, 472 A.2d 790 (1984), *In Re Marriage of Aylesworth,* 106 Cal.App.3d 869, 165 Cal.Rptr. 389 (1980), *Stafford v. Stafford,* 18 Wash.2d 775, 140 P.2d 545 (1943). In *Bebermeyer,* the Court of Appeals refused modification of a term of a separation agreement, incorporated into the divorce decree, which provided for unallocated "maintenance and support of [the wife] and their two minor chil-

---

**1a.** In *Roberts v. Roberts,* supra, an earlier case, a contrary position was taken because of the different considerations which affect alimony and child support.

dren..." where the terminal events were the majority of the minor children or the wife's remarriage. Reasoning that the payments to the wife were not alimony, the court held that such payments "could not be subsequently modified by order of court." [2] *id.* [241 Md.] at 77, 215 A.2d 463. Where an agreement for unallocated alimony and child support provided that the alimony could not be modified for five years, a court may not, *sua sponte,* reduce the unallocated award. *Guss v. Guss, supra.* Nor may it "...after approving a marital settlement agreement containing a non-modifiable provision ... by partial severance, make the payments modifiable without permission of the parties." *In Re Marriage of Aylesworth, supra* 106 Cal.App.3d at 392, 165 Cal.Rptr. 389. Similarly, where an award is unallocated alimony and child support, the court may not modify the decree after the minor has reached majority in the absence of a reservation of jurisdiction for that purpose. *Stafford v. Stafford, supra.*

Turning to the case *sub judice,* we note that the agreement purported to render the entire payment non-modifiable "to the end and intent that [appellee] shall receive from [appellant] Eight Hundred ($800.00) Dollars..." We note further that the agreement specifically and intentionally made the payments unallocated. No terminal events for such payments are provided. We think it obvious, as the trial court found, that the parties intended appellee to receive $800 per month whether the children were minors or not; indeed, they intended the entire payment as alimony. Therefore, because the alimony portion of the decree is non-modifiable, we think it patent that the trial court could not reduce the

---

**2.** Alimony was defined as "payments ... during the joint lives of both husband and wife so long as the parties live separate and apart." *Knabe v. Knabe,* supra, defined alimony as "a money allowance payable under a judicial decree by a husband at stated intervals to his wife, a former wife, during their joint lives or until the remarriage of the wife, so long as they live separately, for her support and maintenance." *id* [176 Md.] at 612, 6 A.2d 366.

award under the guise of allocating it between alimony and child support.

We find no error and, therefore, affirm.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.