490 A.2d 1315

**Flossie Mae REASER**

v.

**Donald V. REASER.**

**No. 1155, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

April 16, 1985.

644

Paula J. Peters, Annapolis, for appellant.

No brief or appearance by appellee's counsel.

Argued before ADKINS, BLOOM and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

This is another of those exceptional instances in which the refusal of the trial court to grant a continuance constituted an abuse of discretion. As a result, the judgment will be vacated and the case remanded to the Circuit Court for Anne Arundel County for a new trial. We will not reach the remaining issues raised by appellant.

On May 31, 1984, appellant, Flossie Mae Reaser, appeared for a scheduled trial date in connection with Donald V. Reaser's, appellee's, Bill of Complaint for divorce A Vinculo Matrimonii, her Counter-Bill for Divorce a Mensa et Thoro and various outstanding motions filed by the parties. At that time the following colloquy occurred:

COURT: All right, Mrs. Reaser.

MRS. REASER: Pardon?

COURT: Do you want to present your case?

MRS. REASER: I can't present my case sir, I'm unprepared. I have tried to get a continuance on this case. Mr. Joy withdrew from the case, and I have not been able financially or physically to retain another Attorney. And I *did not know until Thursday or Friday of last week that the case would be heard today.*

COURT: Well you've had ... you brought a Contempt action against your husband for some reason.

MRS. REASER: Yes, because he is behind in ... he has not ... uh ... paid me the support that he was ordered to pay me in 1981.

COURT: Well don't you keep records?

MRS. REASER: Oh, I have a figure on the amount up to September of last year, and then there was some kind of an Agreement made between Mr. Reaser, Mr. Hoff-

man, and Mr. Joy.  And what that Agreement was I ...
I'm totally in the dark about because Mr. Joy never
explained it to me, he never gave me any information on
it, or whatever.

COURT:  Well you can testify to what you think is due
you, and if they disagree with that they can present
evidence to disagree with it.  But you certainly ought to
know what's due you.

MRS. REASER:  Up until September of last year it was
a little better than seven thousand dollars.

COURT:  Why don't you come up and take the stand
and testify.  Come up here.

MR. HOFFMAN:  Your Honor, if it please the Court,
should we present our case as the Plaintiff on the Bill of
Complaint for the Divorce first, and then go on into the
... uh .. any other pending Petitions and Motions?

COURT:  If you want to.  All right.

MR. HOFFMAN:  Right, we're prepared to go that way
sir.

COURT:  All right.

MRS. REASER:  Your Honor.  I have not ... uh ... I
don't have any witnesses with me, and the witnesses that
I gave the names to Mr. Joy, he intimidated and refused
to call.

COURT:  Who intimidated, Mr. Joy?

MRS. REASER:  Mr. Joy apparently did because some
of the witnesses called me back, and ... uh ... they
said that he didn't know what he was talk ... and the
witnesses told me Mr. Joy didn't know what he was
talking about and therefore ... and that he told them not
to appear.  I do not have any witnesses with me.

COURT:  Well this is Mr. Reaser's action for a Divorce
so you don't really need any witnesses on that.  He has to
prove the grounds for Divorce.

MRS. REASER:  All right.  Thank you.

Later, after appellant had testified, the following exchange
occurred:

COURT: Okay. You don't have any other witnesses you want to call do you Mrs. Reaser?

MRS. REASER: Sir, I did not have time to contact any witnesses, and the ones that I have talked with they said Mr. Joy intimidated them and they would not come out.

COURT: Well who did you want to call?

MRS. REASER: There were several people.

COURT: Who?

MRS. REASER: I was going to have his ex-wife and his daughter brought in, his ex-wife from New York and his daughter from South Carolina. His former boss, Elmer Bruce. A couple of tax men. Uh ... I'm not sure if they were from the County here or from Baltimore City, to verify his tax statements of which he is not keeping proper records on that. And uh ... his so-called son that I raised for so many years. He's unfortunately down in Jessups. And a few other people.

(emphasis added)

In its Decree dated June 7, 1984, the court: (1) granted appellee a divorce a vinculo matrimonii; (2) dismissed appellant's counter-bill; (3) dismissed appellant's contempt petition; (4) dismissed appellee's petition for reduction of alimony; (5) determined that appellee was entitled to, and distributed to appellee, certain monies in an IRA account; (6) determined that the parties had adjusted the other joint property during separation; and (7) ordered appellee to pay appellant alimony in the amount of $75.00 per week.

■■■ Maryland Rule 527a.1.[1] provides:

The court may upon motion of any party, or of its own motion, continue an action from time to time in order that a trial may be had upon the merits or as the interest of justice may require ...

---

1. Present rule 2–508(a), which provides:
   "On motion of any party or on its own initiative, the court may continue a trial or other proceeding as justice may require."

It is thus clear that the granting of a continuance or postponement is within the sound discretion of the trial court and will not be interfered with on appeal unless arbitrarily or prejudicially exercised. *Dart Drug Corp. v. Hechinger Co.,* 272 Md. 15, 320 A.2d 266 (1974); *Brooks v. Bast,* 242 Md. 350, 219 A.2d 84 (1966); *Colburn v. Colburn,* 20 Md.App. 346, 316 A.2d 283 (1974). Failure to prepare adequately for trial is ordinarily not a proper ground for continuance or postponement. *Cruis Along Boats, Inc. v. Langley,* 255 Md. 139, 257 A.2d 184 (1969); *Hughes v. Averza,* 223 Md. 12, 161 A.2d 671 (1960). There are, however, exceptional instances in which the failure to grant a continuance will constitute reversible error. *Thanos v. Mitchell,* 220 Md. 389, 152 A.2d 833 (1959); *Plank v. Summers,* 205 Md. 598, 109 A.2d 914 (1954); *In Re McNeil,* 21 Md.App. 484, 320 A.2d 57 (1974).

In *Thanos v. Mitchell, supra,* the Court of Appeals found an abuse of discretion in the trial judge's refusal to grant a postponement when one of the parties to the action, whose testimony was material, was certified to be ill and unable to appear and no prejudice was shown to the other side. Similarly, we found an abuse of discretion in *In Re McNeil, supra,* where the trial judge refused to grant a postponement at the request of counsel for the mother when the issue before the court was whether or not a parent should be permitted to have custody of her children. We pointed out several factors as militating in favor of a continuance in that case: (1) the mother had acted responsibly throughout the proceedings; (2) the prior postponement of the case was requested by the other side; (3) the mother's testimony would have been material to the issues in the case; and (4) there was no emergency. While we recognized the importance of concern for other witnesses, that factor in and of itself was not deemed sufficient to require denial of the requested continuance in that case. In that regard, we said, "myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to due process an empty formality." *Id.* at 499, 320 A.2d 57.

The case *sub judice* was initiated in 1981 by appellee. It was placed in issue on April 3, 1981, when appellant filed her counter-bill. Subsequently, also in 1981, pendente lite relief was obtained by appellant. Thereafter there was only one trial date scheduled and that was on appellant's motion for contempt and appellee's motion to reduce alimony payments. A hearing on appellant's motion for contempt and appellee's motion to reduce alimony payments was scheduled for September 15, 1983. Because the judge at that time refused to hear the pendente lite issues, a hearing on the merits was set for November 14, 1983. The record does not reflect the reason, but that hearing was not held until May 31, 1984.

On September 15, 1983, appellant was represented by counsel, and was prepared for trial of the pendente lite issues. She continued to be represented by counsel until April 11, 1984, at which time the court signed an order striking the appearance of her counsel. Having been notified on April 12, 1984 to employ new counsel, on April 26, 1984, appellant requested a continuance because of her inability to obtain counsel. That request was denied on May 25, 1984, six days prior to the trial date.

The parties to this action had been married in 1952, or at the time of trial, a period of some 32 years. Appellee's bill of complaint raised issues concerning marital property, including the ownership and disposition of the marital home. Appellant raised, in her counter-bill, a significant question of entitlement to alimony and, in her petition for contempt, appellee's failure to pay. At the hearing, appellant raised a question concerning whether appellee's Flea Market business was marital property. In short, it appears that potentially complicated issues involving marital property are involved in this case.

Under these circumstances, appellant requested a continuance. It is obvious from the transcript that the trial judge perceived the issues to be rather simple. He originally

thought that appellant was the moving party and that the issue was her contempt action. When corrected, and after appellant informed him of her desire to call witnesses who had not been summonsed, he advised her that she had no burden of proof. Apparently, the trial judge was not aware that appellant had a cross-bill, the proof of the allegations of which required that she have witnesses available.

No reason was given for the denial of the continuance. We know that Judge Thieme in September expressed concern that the case had not proceeded to trial on the merits. We might speculate that the age of the case played a role in the court's decision. If this were so, it would not provide sufficient justification for the denial of the continuance particularly when no prejudice to the other side was shown and no objection voiced. There does not appear to have been any emergency situations necessitating that the case proceed immediately. No inquiry was made of appellant as to how long it would take her to get counsel.

After 32 years of marriage, it is important that a partner to that marriage be afforded an opportunity to obtain a fair and equitable adjustment of the property interests accumulated during the marriage. That result may not be achieved where one of the partners is not afforded an opportunity to obtain legal representation.[2] We conclude that the failure of the trial judge, under the circumstances of this case, to grant appellant's request for a continuance was an abuse of discretion, necessitating a new trial.

JUDGMENT VACATED; CASE REMANDED FOR NEW TRIAL.

COSTS TO BE PAID BY APPELLEE.

---

**2.** Appellant's complaint that she was not aware she would have to go to trial until a few days earlier is supported by the record. She requested a continuance on April 26, which was denied on May 25, 1984. This constitutes another basis for our conclusion that the trial judge abused his discretion.